EARL SIMMONS v. STATE OF FLORIDA

10 So. (2nd) 436 En Banc
November 13, 1942

John M. Coe, for appellant.

J. Tom Watson, Attorney General, and Woodrow M. Melvin, Assistant Attorney General, for appellee.

THOMAS, J.:

The appellant was tried in the criminal court of record on an information charging him, in the first count, with assault with intent to commit rape and, in the second count, with attempting to have carnal intercourse with an unmarried female under the age of eighteen years and of previous chaste character. It was charged in the latter that the attempt consisted of an assault upon her. Thus, the state relied on the evidence of an assault to meet the requirements of the statute, 7544 C.G.L., 1927 (Section 776.04, Florida Statutes, 1941), that where an attempt to commit an offense is alleged it must be shown that the defend-

ant "does [an] act toward the commission" of the offense attempted. The jury found the appellant "guilty as charged on first and second counts of the information."

From a perusal of the report of the testimony we are convinced that there was an abundance of evidence to establish the commission by the appellant of both offenses. We will not undertake to elaborate by giving the details of the sordid affair but will confine our discussion to the points of law involved. It was established that the prosecuting witness was unmarried so we will not again refer to her celibacy.

In one of the questions there is presented for our consideration the correctness of a charge given to the jury relative to the defendant's intention to commit rape when he made the assault, but we think that we are not required to consider the matter because it does not appear that any objection was announced to the challenged instruction until the presentation of the motion for new trial. The giving or refusal of instructions may not be assigned as error unless the objection is raised before the jury retires. Section 215, Criminal Procedure Act (Section 918.10, Florida Statutes, 1941).

The remaining two questions pertain to an instruction requested by the defendant apropos the second count and to the correctness of the sentence eventually imposed. We will treat of them in that order.

It is appellant's construction of the evidence that in the course of the assault he discovered the virginity of his victim and desisted from any further attempts to ravish her. It is our conviction, based on the testimony, that he did not abandon his attack out of any consideration for her but because he was defeated by

her resistance. He requested the court to charge the jury that if they found his contention correct they should consider "such fact" in determining whether he had "the requisite intent to have unlawful carnal intercourse with such female of previous chaste character at the time of the commission of the assault [attempt]." The fallacy of this position is that it presupposes that an intent is an element of the basic offense denounced by the statute, that is, intercourse with an unmarried female under a certain age who has had no prior sexual experience.

This felony falls within the category of crimes "in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act," Commonwealth v. Murphy, 165 Mass. 66, 42 N.E. 504, and proof of an intent is not indispensable to conviction. State ex rel. Lanz. v. Dowling, 92 Fla. 848, 110 So. 522. If the defendant had had sexual intercourse with the prosecuting witness, she being at the time under eighteen years of age and of previous chastity, even without any assault upon her, it would not have been a part of the state's burden to prove any intent, (See 15 Am. Jur., Criminal Law, page 9) and ignorance or mistake on the part of the defendant as to her age would have been no excuse. Volume I, Wharton's Criminal Law, 12th Ed., page 961; 22 R.C.L., page 1193. By the same token lack of knowledge of previous chastity would have been of no avail.

The statute, denouncing the basic offense (Section 7552, C.G.L., 1927, now Section 794.05, Florida Statutes, 1941) is silent as to the requirement of any specific intent and is not unusual in this respect. In the case of Mills v. State, 58 Fla. 74, 51 So. 278, it was

said by this court that "while all common-law crimes consist of two elements—the criminal act or omission, and the mental element, commonly called criminal intent, it is within the power of the Legislature to dispense with the necessity for a criminal intent, and to punish particular acts without regard to the mental attitude of the doer, this because of the difficulty of proving a criminal intent in some cases, or, for other reasons, public policy may require it." Then follows this language which is particularly applicable to the instant case: "The law makes the *act* the crime, and infers a criminal intent from the act inself." Of the same import is the case of Smith v. State, 71 Fla. 639, 71 So. 915. Applying this principle to a violation of the statute with which we are dealing we find the conclusion unavoidable that it would be necessary only that the state prove the celibacy, intercourse, the age and the former chastity. If these were established by testimony beyond a reasonable doubt the intent to transgress would be implied and the conviction justified.

In the present case, as we have stated at the outset, the defendant was charged under Section 7544, supra, with *attempting* to commit the offense prohibited by law and doing an act toward the consummation of the crime. It will be seen that the gravamen of the offense is the attempt to perpetrate it accompanied by an act in furtherance of it. Inasmuch as the overt act consisted of an assault we think that it was incumbent upon the state to show that the defendant made the assault in an effort to have carnal knowledge of the prosecuting witness. It was not the state's burden to go farther in the proof of any intent. The statute was obviously enacted for the purpose of protecting

the virginity of young maidens and "the precise thing intended to be discouraged, and punished if committed, is sexual intercourse with them." 22 R.C.L. page 1173. There could be no question in the mind of any one reading the record that there was abundant evidence of an assault in this case. It is well established, too, that there was a purpose on the part of the assaulter to have sexual intercourse with the prosecutrix. When such proof is present in a case of this kind we think there is no added burden on the state to show that the defendant had the specific purpose of intercourse with a person of previous chaste character and under the age of eighteen years. In other words, it is our view that if these elements may be implied with reference to the basic offense they need not be proven in an attmpt to commit that offense.

The argument of the appellant that in the course of the nefarious enterprise he gained information that his victim was chaste is without force. As we have said it is unimportant that the defendant may have been ignorant of her chastity or the lack of it at the time of the assault. Although there must have been at the time a purpose to accomplish the intercourse it was not necessary for the state to prove that the perpetrator intended his victim to be chaste and intended her to be under a certain age. If, in fact, it developed that these conditions obtained at the time he made the assault that is sufficient.

The last proposition facing us is the propriety of a judgment entered on the verdict we have quoted imposing a penalty of ten years on the first count and five years on the second, the sentences to run concurrently. There seem to be two classes of decisions on this subject. One of them holds to the principle that

there should be one punishment where, as here, the various counts of the information presented different aspects of the same criminal transaction and that the court should impose a sentence on the count which charges the higher grade or degree of the offense. Another adheres to the rule that there may be a sentence on each count to run concurrently, the practical effect being the infliction of but one punishment. 24 C.J.S. Criminal Law, Section 1567, page 40. The trial judge followed the minority view. Because of the overwhelming weight of authority to the contrary we think it would have been proper for him to have imposed a sentence for the greater offense charged in count one of the information.

We are aware of the provision in Section 261, Criminal Procedure Act (Section 921.16, Florida Statutes, 1941, that a defendant "convicted of two or more offenses charged in the same indictment or information . . ." may be allowed to serve the terms of imprisonment concurrently "unless the court expressly directs that they or some of them be served consecutively." We are of the opinion that this law does not apply where, as here, the counts present different aspects of a single criminal transaction as distinguished from counts, in an indictment, charging kindred crimes. If the above provision were applicable in cases like the present one it would be possible for the court to impose a sentence of ten years on the first count and five years on the second count and to *direct* them to be served consecutively, thus inflicting a punishment of fifteen years imprisonment although but ten years could be imposed for the commission of the more serious crime charged in the first count of the information.

We are conscious, too, of the inhibition in Section 309, Criminal Procedure Act (Section 824.33, Florida Statutes, 1941), against the reversal of a judgment unless the substantial rights of the appellant have been injuriously affected. As has been suggested, the practical effect of two sentences running concurrently and one sentence for the higher crime would be similar; however, in the interest of uniformity, this being the first time this point has been presented, it is our order that the judgment for assault with intent to commit rape, as charged in the first count of the information, be affirmed, but that the cause be remanded with instructions that the sentence for the crime charged in the second count be set aside.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.