JOHNSON, Chief Judge.
The appellant, defendant below, was informed against in the Court of Record of Escambia County, Florida, in a three count information charging as follows:
First count, that on August 19, 1969 the defendant “did unlawfully and feloniously possess, have under his control, or sell a narcotic drug,” to wit marijuana, in violation of section 398.03 F.S.
Second count: that on the same date he did “possess or control, actual or constructive, a barbiturate, to wit: four orange capsules of seconal,” in violation of section 404.02 F.S. and
*254 Third count: that he did on the same date “deliver or cause to be delivered a barbiturate, to wit: four capsules of seconal.”
This case was consolidated for trial with another case against the same defendant involving delivery of LSD at or about the time, but that case was not appealed and is not under consideration by this court, but is mentioned here only because the trial court necessarily referred to it in his sentencing of the defendant on the guilty verdicts rendered in this case.
After the State had rested its case, the defendant moved the court to require the State to elect between the several charges made against the defendant (which three charges are stated supra) on the ground that they all arose from a single criminal transaction, and also requested the court to charge the jury, in substance, to the same effect: namely, “that if the evidence shows that a single criminal transaction has occurred but has been charged in separate counts, you cannot properly convict the defendant of but one offense.”
The trial court, after hearing argument of counsel, denied the motion and refused to give the requested instruction to the jury. Subsequent to sentencing, the defendant filed a motion for a new trial, which was also denied. A motion in arrest of judgment was also denied.
All of the court’s rulings on the matters related supra were assigned as error, but the points raised on appeal are confined basically to the principle of law as to whether in a single transaction, marijuana and seconal are sold and delivered, is it proper to enter judgment and impose sentence for three separate offenses: namely, (1) possession and sale of marijuana in violation of F.S. section 398.03 and chapter 398, F.S.A., (2) unlawful possession of a barbiturate, seconal in violation of F.S. section 404.02(4), F.S.A. and F.S. 1967 chapter 404, F.S.A. and whether a count in an information could charge an offense in the alternative in the same language used in the statute in question, (3) unlawful and felonious delivery of a barbiturate, seconal in violation of F.S. 1967, section 404.02 and chapter 404, F.S.A.
The defendant’s counsel contends that there was only one crime committed when the narcotics agent purchased the marijuana and the seconal tablets from the defendant and cites the Supreme Court of Florida in Simmons v. State, 151 Fla. 778, 10 So.2d 436, in support of his contention, but it appears to us that in that case, that the court had found that the information presented different aspects of the same criminal transaction.
In the case sub judice, the trial court found, and we think properly so that there were actually three separate and distinct violations of law.
In the cited case of Simmons v. State, supra, the further applicable language is found, as follows:
“We are of the opinion that this law [allowing sentences to be served concurrently for conviction of two or more offenses in the same indictment or information] does not apply where, as here, the counts present different aspects of a single criminal transaction as distinguished from counts, in an indictment, charging kindred crimes.” (Emphasis supplied.)
We can readily agree with the trial court that separate offenses were charged and proven.
The question of the alternative allegations in the information and in the verdicts do not give us any concern in this case because of the evidence before the jury and the court. It appears to us from the evidence that all of the alternative charges contained in the information were sufficiently proven by competent evidence to support the total finding of the jury. Further, the question of the information being defective, such defect not being jurisdictional nor substantial enough to prejudice the defendant in preparing for trial and *255 defending there, we think was waived by the defendant, although we hasten to add that even if requested by motion before trial and denied, we could not find it error in this particular case.
This defendant was selling narcotics and drugs. The record reveals that when arrested several weeks after the first sale to the narcotics agent, he still had possession of more LSD. These facts probably played a part in the trial court’s decision not to require a presentence investigation and may have had some effect upon the sentences imposed, but these are factors which a trial court may properly take into consideration when meting out punishment to those who by their acts are not only violating statute laws but are really contaminating possibly innocent young people.
The judgment, sentences and orders appealed from are affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.