PEARSON, Judge.
The appellants, John Rabreau and James Malta, were jointly charged and tried for (a) unlawful possession of a narcotic drug, and (b) sale of a narcotic drug. A single sentence was imposed on each defendant: Rabreau was sentenced to twenty-four months in prison: Malta was sentenced to forty-eight months in prison. On this appeal the same point is argued by both appel *65 lants.[1] The point contends that the court committed reversible error when it denied appellants’ demands for the name of the confidential informer who participated in the discussion leading to the consummation of the crime.
Even though no point is directed to the sufficiency of the evidence, we have read the record and find that the proof of guilt is clear and convincing as to each appellant. Davis v. State, Fla.App.1972, 267 So.2d 85. The question thus is simply whether the appellants received a fair trial under the applicable law.
In argument, the appellants imply a pretrial request for the name of the confidential informer. The record fails to support this implication. The first allusion in the record to the existence of a confidential informer is found upon the cross-examination of one of the State’s witnesses, a special agent for the Federal Bureau of Narcotics and Dangerous Drugs. The special agent was the second witness for the State. An objection to a question asking the name of the confidential informer was sustained. The only ground presented for the disclosure by defendants’ counsel was that the State had “indicated to me this morning in objecting to taking the deposition of the confidential informant, that they would give it to me at the time of trial.” After a recess, and during the continued cross-examination of the same special agent, the name of the informer was given by the witness. Further questions disclosed that the defendant Malta knew the informer’s name and former address. Both defendants took the stand in their own behalf. Each denied the possession and denied that there was a sale. There was no evidence to support a plea of entrapment, and the State proved a sale to the officers.
Under these circumstances, no error is demonstrated because the State failed to reveal the name of the confidential informer when the first request was made. Cf. Spataro v. State, Fla.App.1965, 179 So.2d 873.
Affirmed.

. In his brief, appellant Malta presented a point urging double jeopardy because of his conviction on charges of both sale and possession. See Parker v. State, Fla.App.1970, 237 So.2d 253. However, in view of the single sentence, the additional point was abandoned at oral argument.