JOHNSON, Judge.
Appellants seek reversal of their convictions and sentences after being found guilty by a jury of breaking and entering with intent to commit a felony, to wit: *55 grand larceny, petit larceny and possession of burglary tools. Appellants were each sentenced to fifteen years for the breaking and entering conviction, 60 days in the county jail for the petit larceny, and five years for the possession of burglary tools, the latter to run consecutive to the former concurrent sentences.
We see no useful purpose in setting forth herein the details of the criminal acts charged to appellants. It is enough to point out that a building containing offices and retail establishments was broken into and burglarized. Appellants, along with a third person, were found inside the building moments after a silent alarm system went off, as were various tools.
As bases for this appeal, appellants contend that the evidence was insufficient to support the conviction of breaking and entering with intent to commit grand larceny; that the trial court erred in disallowing the testimony of an alleged material witness; and that the trial court erred in imposing three separate sentences for the three offenses inasmuch as the petit larceny and possession of burglary tools were but facets or phases of the breaking and entering with intent to commit grand larceny.
We have heard oral argument in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. Upon our consideration thereof, we are convinced that the evidence was totally sufficient to support the jury’s verdict of guilty of breaking and entering with intent to commit a felony, to wit: grand larceny. There was adequate testimony to illustrate that the value of the contents inside the building and the safes therein which were broken into was well over $100.00 and that the contents of said safes were missing. While appellants offered an explanation concerning their presence in the building when apprehended, the issue of guilt was one which could be decided only by the trial jury. Whether the proof was inconsistent with a reasonable, credible hypothesis of innocence was a matter solely for the jury. Once this issue has been resolved against the appellants by the rendition of the guilty verdicts, the sole authority of this appellate court is to review the record to determine whether it contains sufficient competent evidence which, if believed, would support the verdict. This we have done and finding that the record contains ample sufficient evidence to support the verdict, we will not substitute our judgment for the verdict of the jury.
We further find that the trial court’s ruling with respect to the disallowance of the testimony of Mr. Slaughter did not constitute prejudicial error.
However, on the issue of sentencing, we must reverse. There can be no doubt that some of the tools recovered at the scene herein were used in the breaking and entering of the building and that without such tools, more than likely there could not have been any breaking or entering. Thus, we are faced with two facets of the same criminal transaction and only one sentence should have been imposed for the highest offense contained within the transaction. Foster v. State, 286 So.2d 549 (Fla.1973); Cone v. State, 285 So.2d 12 (Fla.1973).
We further think that the same rationale applies to the separate sentence imposed for the petit larceny conviction. We recognize that the Third District Court of Appeal in the case of Estevez v. State, 290 So.2d 138 (Fla.App. 3rd, 1974), has held that separate sentences may be imposed for the offenses of breaking and entering with intent to commit grand larceny and grand larceny. However, we think and so hold that the better rule of law is that contained in decisions from the Second District Court of Appeal which conclude that the single transaction rule is applicable to such factual situations as we have herein. See Davis v. State, 277 So.2d 300 (Fla.App. 2nd, 1973), cert. den. 283 So.2d 564 (Fla.1973): Edmond v. State, *56 280 So.2d 449 (Fla.App. 2nd, 1973), cert. den. 287 So.2d 690 (Fla.1973). There can be no doubt from the record before this Court that the two crimes charged against appellants, to wit: breaking and entering with intent to commit grand larceny and grand larceny, were facets of the same criminal act. As noted in the two Second District Court cases cited above, it must be presumed that a perpetrator breaks and enters with a purpose and that the accomplishment of that purpose (be it grand or petit larceny) can only be classified as part of the same criminal act, for which sentence may be imposed only on the highest offense charged.
Accordingly, the judgments of conviction and sentences imposed for breaking and entering with intent to commit a felony are affirmed, and the remaining sentences are set aside and vacated.
Affirmed in part and reversed in part.
SPECTOR, Acting C. J., and McCORD, J., concur.