MANN, Judge (Ret.),
Concurring.
Because it was done this way in Simmons v. State, 1942, 151 Fla. 778, 10 So.2d 436, we persist in vacating the sentence in these cases without vacating the judgment. I concur because for present purposes the error; if it is one, seems harmless. I submit, however, that there is no purpose for which the sterile judgment, as to which no sentence may be passed, may be held to have any legal effect. There is a constitutional prohibition against successive prosecutions for essentially the same conduct. Fla.Const. Art. I, § 9; U.S.Const. Amend. V. Yet fairness to the state allows it to allege in one prosecution a variety of configurations of fact which might be supported by the evidence to form complete criminal offenses under our laws. As we explained in Edmond, supra, the prosecutor is allowed to fire all of his guns, but to score only one hit where the same conduct is de *795 scribed in various ways to describe the same criminal act. The question might become material if an effort were made to predicate punishment as a recidivist on multiple judgments for which the law forbids cumulative punishment. Common sense seems so clearly to indicate that such an effort would fail that I recall no instance of its being attempted. Why, then, do we persist in vacating a sentence without vacating the judgment ?