HOBSON, Judge.
Hargrove appeals an order denying his motion to vacate the sentence imposed on him for the use of a firearm in the commission of a felony, to wit, robbery. The order, however, vacated the sentences as to the three counts charging robbery. The sentence imposed is within the limits of the statute; § 790.07(2) F.S.; § 775.082 F.S.
Hargrove had been tried by a jury and found guilty as charged in a four-count information charging him with three counts of robbery and one count of using a firearm in the commission of a felony. The trial judge adjudged him guilty and sentenced him to five years on each of the robbery charges and fifteen years on the felony firearm charge, each sentence to run concurrent with the other sentences.
In his order on the motion to vacate the trial court found that the sentence imposed was illegal in that all counts of the information arose out of the same transaction, but that it was the court’s intention at the time of sentencing that the defendant receive a total sentence of fifteen years.
Hargrove contends that the lower court erred in vacating the sentence on the highest offense and permitting the sentence on the lesser charge to remain in full force and effect.
The general rule in Florida is that where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed, and for the higher offense. Cone v. State, Fla.1973, 285 So.2d 12. The reason for limiting the punishment to that which could be imposed for the more serious crime charged was explained in Simmons v. State, 1942, 151 Fla. 778, 10 So.2d 436. See also the discussion in Edmond v. State, Fla.App.2d 1973, 280 So.2d 449. In Foster v. State, Fla.1973, 286 So.2d 549, the Supreme Court of Florida said that in such cases “only one sentence may be imposed, and that sentence, obviously, cannot exceed that which could be imposed solely upon conviction for the highest offense contained within the transaction.”
 We understand this rule to mean that under such circumstances courts must limit the punishment to that prescribed for the highest offense charged, but that they are not mandatorily required to impose the sentence for the highest offense if the sentence does not exceed the maximum which could be imposed for the lesser offense.
The order appealed is
Affirmed.
McNULTY, C. J., and GRIMES, J., concur.