303 So.2d 377 (1974)
Eddle AMERSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. T-58, T-389.
District Court of Appeal of Florida, First District.
November 21, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
SPECTOR, Acting Chief Judge.
Appellant was charged by an information, Count I, assault with a deadly weapon, to wit, a knife; Count II, assault with a deadly weapon, to wit, a knife, with the intent to commit rape; and Count VI, false imprisonment. Following a trial by jury, appellant was convicted of the above three charges. He was sentenced to imprisonment on Count VI for 15 years, Count II earned 5 years consecutive to the 15 year sentence on Count VI, and Count II earned a 5 year sentence to run concurrent with the 5 year term he got for Count I.
The sole question raised on this appeal is the propriety of imposing multiple sentences for these multiple crimes because they were committed during the same criminal transaction. As put by appellant these crimes were "single facets" of the same criminal transaction and therefore under the rule of Simmons v. State, 151 Fla. 778, 10 So.2d 436, and Cone v. State, 285 So.2d 12 (Fla. 1973). We cannot quarrel with the rules of law stated in Simmons and Cone, but the facts of this case are materially different from those in the cited cases, and from our analysis the three charges were three separate criminal transactions for which appellant can properly be sentenced.
The victim of appellant's acts arrived at work one evening and as she was locking her car, appellant approached her and when she wouldn't let him in her car, appellant forced her into his car at knife point. That conduct constitutes assault with a deadly weapon as charged in Count I. The law prohibits people from assaulting one another with a knife and makes such conduct punishable by imprisonment.
Next, appellant forced the victim to lie down in the car seat and drove her to the woods where he committed an assault upon her with intent to rape her and during that episode he held a knife in his hand so as to force her to submit to his lust which culminated in appellant forcibly placing his penis in her mouth. That conduct was different than and in addition to the assault charged in Count I and is punishable as a separate offense.
There is no legal authority submitted by appellant to challenge the validity of the *378 sentence imposed for Count VI, so that issue is not before us. Rather the arguments of appellant are confined to the contention that the conduct charged in Counts I and II are but facets of a single transaction. We do not agree and affirm. The acts are separate and distinct, and are punishable separately. Estevez v. State (Fla.App. 1974), 290 So.2d 138.
Affirmed.
BOYER and McCORD, JJ., concur.