McCORD, Judge.
These are consolidated appeals from convictions of appellants of the crime of an attempt to enter ranchland of another with the intent to commit larceny of cows and armed with a dangerous weapon in violation of § 822.23, Florida Statutes. Appellants contend that their trial for this offense violated their constitutional right against double jeopardy and was barred by *528 the doctrine of collateral estoppel. They further contend that the evidence was insufficient to support a conviction.
On the same day that appellants were informed against on this charge, they appeared in the County Court of Flagler County and pled guilty to attempting to take deer with a gun and a light at night in a closed season (in violation of § 372.99, Florida Statutes) and, in addition, appellant Dobbs pled guilty to attempting to elude a police officer. They were adjudged guilty and sentence was imposed. Appellants contend that the county court convictions were a bar to prosecution in this case.
The events out of which the convictions sub judice and the county court convictions arose occurred on the same night and are as follows: Around midnight on October 13, 1973, Officer Holdridge of the Florida Fish and Game Commission was parked in a rural area of Flagler County looking for illegal deer hunters. He observed appellants drive down the road and then return 15 minutes later. As appellants returned, they were driving slowly and shining a light on either side of the road. They ultimately stopped their car, got out and Officer Holdridge heard a shot fired. Officer Holdridge testified that the driver of the vehicle, Dobbs, then climbed over the fence and went on the land. Holdridge heard cattle running off. After a five minute search, Dobbs yelled back that he could not find it. He returned to the car and appellants proceeded to drive down the road again shining their light. Officer Hold-ridge attempted to pull them over but they kept on driving and appellant Game threw a gun out of the window. Officer Hold-' ridge finally ran appellants off the road and arrested them for violation of § 372.99, supra. The gun was retrieved by a Deputy Sheriff who came on the scene to take custody of appellants. Officer Holdridge and Mr. Cowart, lessee of the adjoining property, followed a trail of blood through the field but were unable to track down the presumably wounded animal. The following morning Holdridge and Cowart located a wounded calf in a herd of cows near the scene that had a bullet wound in its head. The calf was slaughtered but the bullet could not be found.
The trial judge correctly ruled that the offenses of which appellants were convicted were each separate and distinct crimes although they all occurred on the same night and close together in point of time. There was no violation of appellants’ constitutional right against double jeopardy nor was the conviction sub judice barred by the doctrine of collateral estoppel. The evidence presented in this case supports appellants’ previous guilty pleas to attempting to take deer with a gun and a light at night in the closed season. The appellants do not question their guilt of such crime but pled guilty. The evidence in addition fully supports their conviction in this case of an attempt to enter ranchland of another with the intent to commit larceny of cows and armed with a dangerous weapon. Under the facts above related, appellants departed momentarily from their deer hunt when they saw and shot the calf. Then subsequently appellant Dobbs attempted to elude the game officer, which was a separate crime to which he pled guilty. Each of these several offenses was a separate and distinct crime and although closely related in time sequence, each was committed at a different time. There was, thus, no double jeopardy and no collateral estoppel. The crimes were not facets of a single transaction. See Amerson v. State, Fla.App.(lst), 303 So.2d 377 (1974).
Affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.