PER CURIAM.
Appellant was charged in a three count information with (first count) possession of a controlled substance, to wit: cannibis in excess of five grams and (second count) possession of barbituric acid and (third count) possession of a controlled substance, to wit: heroin. He was tried by jury, found guilty of each count, adjudged guilty by the court and sentenced to five years imprisonment on each count to run consecutively. Motion for new trial was denied and this appeal is from the judgments, sentences and denial of the motion for new trial.
Appellant was found in possession of the above three controlled substances upon the execution of a search warrant. He contends, among other things, that the trial court erred in imposing consecutive sentences; that such was in violation of the single transaction rule as set forth in Cone v. State, Fla., 285 So.2d 12 (1973), and other opinions of the Supreme Court and appellate courts. Unfortunately for appellant, however, his argument is foreclosed by the recent opinion of the Supreme Court in Jenkins v. Wainwright, Fla., 322 So.2d 477, opinion filed July 2, 1975. See also Parker v. State, Fla.App. (1st), 237 So.2d 253 (1970).
We have considered the other points raised by appellant on this appeal and find them to be without merit.
Affirmed.
RAWLS, Acting C. J., and McCORD and SMITH, JJ., concur.