PER CURIAM.
The appellant was informed against by a four count information, charging him with two counts of breaking and entering with intent to commit a felony therein, to wit: involuntary sexual battery and assault; and two counts of involuntary sexual battery. The matter proceeded to a jury trial, which resulted in a verdict of guilty as charged on all counts. Thereupon, the trial judge adjudicated the defendant guilty and sentenced him as follows: As to Count I, he sentenced him to life imprisonment; as to Count II, he sentenced him to 15 years at hard labor; as to Count III, he sentenced him to life imprisonment; and as to Count IV, he sentenced him to 15 years at hard labor.
This appeal ensued, the appellant contending it was error to impose separate sentences for each of the four convictions in that each breaking and entering count is, in fact, a facet of a single transaction, to wit: each involuntary sexual battery count, and as such the only sentence that could be imposed in each instance is for the highest offense. We disagree with this contention.
On two separate days the appellant committed two separate acts: (1) the act of breaking and entering, and (2) the act of involuntary sexual battery. Therefore, we affirm the sentences. See: Amerson v. State, Fla.App.1974, 303 So.2d 377; Estevez v. State, Fla. 1975, 313 So.2d 692: Slater v. State, Fla. 1975, 316 So.2d 539; Jenkins v. Wainwright, Fla. 1975, 322 So.2d 477.
The appellant has also urged other errors, which we find to be without merit. See: Miller v. State, Fla.App.1958, 102 So.2d 737; Matera v. State, Fla.App.1969, 218 *66 So.2d 180; Harris v. State, Fla.App.1969, 229 So.2d 670; Wetherington v. State, Fla.App.1972, 263 So.2d 294; Roberts v. State, Fla.App.1975, 320 So.2d 832; Rule 3.390(d), RCrP.
Therefore, for the reasons above stated, the adjudication and sentences here under review be and the same are hereby affirmed.
Affirmed.