334 So.2d 99 (1976)
Joseph Peter D'AGOSTINO, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1628.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied July 9, 1976.
Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant, defendant below, appeals his conviction and sentence, including probation, for unlawfully and feloniously breaking and entering a building with intent to commit a felony therein, aggravated assault, and possession of burglary tools. Appellee was the prosecution below.
An appellant, on an appeal in a criminal case, has the burden of showing that the trial proceedings were so infected with prejudicial error as to compel a reversal of the judgment. Such error must be clearly demonstrated by the appellant. See, e.g., Bryan v. State, Fla.App. 1973, 279 So.2d 332; Stephens v. State, Fla.App. 1973, 279 So.2d 331; Blackman v. State, Fla.App. 1973, 279 So.2d 99; and see 2 Fla.Jur., Appeals § 358. In the instant appeal, we have carefully considered the entire record, all the numerous points raised in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. The jury was supported in its verdict by substantial evidence and no error was committed which injuriously affected any substantial right of appellant. Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are affirmed.
Affirmed.