PER CURIAM.
In 1973, the circuit court established a foreign decree as a Florida judgment, which reads in part as follows:
* * * * * *
“THIS CAUSE having come on before me upon Final Hearing on March 7, 1973, and the Court having heard the testimony and argument of counsel for the respective parties, and being otherwise fully advised in the premises, it is hereby “ORDERED and ADJUDGED that the Final Decree of Divorce between the parties hereto entered by the Supreme Court of Ontario, Canada, on the 21st day of December, 1970, is hereby established as a Judgment of this Court and the same is given full faith and credit as though it were a Judgment of this Court, and it is “ORDERED and ADJUDGED that the Defendant, CHARLES JOSEPH KEL-LENBENZ, shall obey provisions of the said Final Decree as though fully set forth herein, and it is * * * ”
* * * * * *
Appellant argues that the judgment of March 27, 1973 was not a final judgment because the court retained jurisdiction to consider memorandums of law as to whether it had power of contempt over actions committed by appellant prior to the Florida court adopting the Canadian judgment.
Subsequently, the appellee commenced proceedings to collect arrearages for payments due after March, 1973. Upon appropriate petitions, the trial court found an arrearage and entered judgment on September 30, 1977 for such arrearages in alimony and child support. Thereafter, on October 3, 1977, the trial judge apparently signed a duplicate original of the judgment; it is identical in form as to that signed on September 20, 1977. The appeal was taken from both judgments.
The appellant contends that the judgment establishing the foreign decree rendered in 1973 was not final in nature and, therefore, not subject to enforcement; also, that the trial court erred in signing the subsequent judgment of October 3, 1977. The appellee concedes the latter point but, as to the former, urges that the establishment of the foreign decree was complete as *61 to obligations thereunder accruing in the future, and the appellant was directed to comply therewith and, therefore, the order of the trial judge enforcing the Florida judgment on the foreign decree was proper. Sackler v. Sackler, 47 So.2d 292 (Fla.1950).
A different result might have obtained as to any attempt to enforce a judgment for arrearages that accrued prior to the establishment of the foreign decree, but such a result is not applicable to the amounts due subsequent to the establishment of the foreign decree.
Therefore, for the reasons above stated, the final judgment of September 20, 1977 be and the same is hereby affirmed, and the final judgment of October 3, 1977 be and the same is hereby declared to be a nullity and of no force and effect.
Affirmed in part; reversed in part.