RYDER, Judge.
Leonard Paul Spikes appeals from his conviction of robbery with the use of a firearm, and use of a firearm in commission of a felony. We affirm the judgments against the defendant, but find it necessary to remand this case to the trial court with directions to set aside the sentence for use of a firearm in commission of a felony.
The defendant was charged by a two-count information with robbery with a firearm, in violation of Section 812.13, Florida Statutes (1977), and with use of a firearm in the commission of a felony, a violation of Section 790.07, Florida Statutes (1977). Following a trial by jury, the appellant was found guilty of both charges and was sentenced to life imprisonment on the charge of robbery with a firearm, and to fifteen years with three years mandatory on the charge of the use of a firearm in commission of a felony.
Section 775.021(4), Florida Statutes (1977), provides that:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may . order the sentences to be served concurrently of consecutively, [emphasis added]
Thus, under this section a criminal defendant may not be sentenced for two separate violations of two separate statutes when both violations occur out of the same criminal conduct, and one is a lesser included offense of the other.
*64 In Brown v. State, 206 So.2d 377 (Fla.1968), the Florida Supreme Court established four categories of lesser included offenses. A “category three” lesser included offense is where the minor offense is an essential element of the major offense. If it is legally impossible to prove the major offense, without proving the minor offense, the minor offense is a “category three" lesser included offense of the major offense. In this case, it should be obvious that the State could not prove robbery with the use of a firearm without proving that the appellant had used a firearm in the commission of a felony. Thus, the latter offense would be a “category three” lesser included offense of the former, thereby precluding separate sentences for both. See also Walton v. State, 360 So.2d 60 (Fla.2d DCA 1978).
Accordingly, we REMAND this case to the trial court with directions to set aside the sentence for use of a firearm in the commission of a felony. Otherwise, both judgments and the sentence for the felony of robbery with the use of a firearm are AFFIRMED.
SCHEB, Acting C. J., and DANAHY, J., concur.