377 So.2d 771 (1979)
Charles William HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-447.
District Court of Appeal of Florida, Fourth District.
December 5, 1979.
*772 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
RIVKIND, LEONARD, Associate Judge.
Appellant appeals his conviction for armed robbery and grand larceny. The trial judge sentenced appellant to twenty-five years for armed robbery and five years for grand larceny, both sentences to run concurrently. We affirm the judgment and sentence as to the armed robbery. We reverse the judgment and sentence as to the grand larceny. The grand larceny arose out of the armed robbery. Larceny is necessarily included in the crime of robbery. Brown v. State, 206 So.2d 377, 383 (Fla. 1968). "It is legally impossible to prove a robbery without also proving a larceny." Hammer v. State, 343 So.2d 856, 858 (Fla. 1st DCA 1976). A defendant cannot be convicted of a lesser included offense and the higher offense arising out of the same transaction. McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979). Appellant contends he was prejudiced "in the eyes of the jury" by being charged with two separate crimes where only one existed and seeks a new trial on the armed robbery charge. We reject this contention as devoid of merit. We discern no prejudice to appellant. Ergo, we affirm the conviction for armed robbery but reverse the conviction for grand larceny and remand to the trial judge with instructions to vacate the judgment and sentence for grand larceny.
AFFIRMED in part; REVERSED in part.
LETTS and MOORE, JJ., concur.