PER CURIAM.
Defendant, Jim Hearns, appeals his conviction and sentences for (1) trespass, (2) false imprisonment, (3) attempted robbery, (4) assault, (5) display of a weapon during the commission of a criminal offense, and (6) attempted battery.
Hearns alleges as reversible error the imposition of separate sentences[1] for each of the offenses in that the charges arose out of the same criminal episode. The salient facts are as follows:
The victim, Eileen Rorick, testified she left her office on the afternoon of December 23, 1976 and went to her car in the parking lot. As she was about to enter, Hearns grabbed her and shoved her into the car. Holding her down, he asked her how much money she had. She answered she did not have any and then began to scream. Hearns struck her in the mouth and told her not to scream and at the same time was holding her down on the front seat. Nevertheless, Rorick screamed again and Hearns held up an object which she thought was a knife [2] to her throat and ordered her not to scream. When she tried to scream a third time, the object in his hand broke and he told her to move over and let him behind the wheel. Rorick managed to get one hand loose and started to honk the horn. Hearns fled.
The controlling statute with regard to this sentencing issue is Section 775.021(4), Florida Statutes (1976 Supp.):
“(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.” [Emphasis supplied]
*72 Hearns essentially argues that since the proof at trial for the counts of false imprisonment, assault, display of a weapon during the commission of a criminal offense and battery involve proof of the attempted robbery, these counts are lesser included offenses of the attempted robbery count and, therefore, fall within the exception to Section 775.021(4). We find no merit in this argument except as to the display of a deadly weapon charge.
The proof of the attempted robbery charge was not part of the proof of the false imprisonment charge. When Hearns demanded money from Rorick and she replied she had no money, the attempted robbery was complete. Likewise, the false imprisonment offense was complete when he initially restrained Rorick and continued to restrain her throughout the entire episode. Similarly, with respect to the battery conviction, Hearns struck Rorick after he demanded money and after she screamed the first time and, therefore, was not part of the attempted robbery. In addition, Hearns assaulted Rorick after he initially displayed the bottle and while he held it to her throat prior to her third scream. The attempted robbery having been accomplished separately and/or prior to these other counts, separate sentences were proper. Cf. State v. Heisterman, 343 So.2d 1272 (Fla.1977); Estevez v. State, 313 So.2d 692 (Fla.1975). Nevertheless, we find error in imposing a separate sentence on the charge of displaying a deadly weapon. Hearns was charged separately with attempted robbery with the use of a deadly weapon (a piece of glass or broken bottle). The display of a deadly weapon, being a lesser included offense of the attempted robbery charge, falls within the exception to Section 775.021(4), Florida Statutes (1976 Supp.). See White v. State, 377 So.2d 1149 (Fla.1979); Spikes v. State, 375 So.2d 63 (Fla. 2d DCA 1979). Accordingly, we set aside the sentence for display of a deadly weapon during the commission of a criminal offense. In all other respects the judgments of conviction and sentences are affirmed.
Affirmed in part, reversed in part.

. As to counts 1, 4 and 6 Hearns received 30-day concurrent sentences and as to counts 2. 3 and 5 concurrent terms of 5 years probation.

. In reality, a bottle.