380 So.2d 1302 (1980)
Richard BRAINARD, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1933.
District Court of Appeal of Florida, Second District.
March 5, 1980.
Jack O. Johnson, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Richard Brainard pled nolo contendere to possession of more than 100 pounds of cannabis, possession of more than 100 pounds of resin of cannabis with intent to sell, and importation of cannabis in violation of Sections 893.13(1)(a)(2), 893.13(1)(c) and 893.13(1)(d), Florida Statutes (1979). The trial *1303 court adjudged him guilty of all three charges and sentenced him to concurrent ten-year prison terms on the two possession offenses. The court, however, declined to sentence Brainard on the importation offense on the ground it was part of the same transaction as the possession offenses. Brainard contends that his sentence for possession of more than 100 pounds of cannabis was illegal. He argues that the offense was a lesser-included offense of possession of more than 100 pounds of resin of cannabis with intent to sell because all offenses involved the same cannabis. We agree.
At the outset we note that Brainard did not properly reserve the right to appeal the sentence. Nevertheless, since he challenges the legality of the sentence, we will address it. Kohn v. State, 289 So.2d 48 (Fla.3d DCA 1974); Williams v. State, 280 So.2d 518 (Fla.3d DCA 1973).
Possession of resin of cannabis is the same as possession of cannabis because cannabis is defined as including the resin extracted from any part of the plant. § 893.02(2), Fla. Stat. (1979). Further, possession is a category three lesser-included offense of possession with intent to sell. Brown v. State, 206 So.2d 377 (Fla. 1968); Purvis v. State, 370 So.2d 32 (Fla.2d DCA 1979). Thus, the court erred in sentencing Brainard for possession of more than 100 pounds of cannabis as well as possession of more than 100 pounds of resin of cannabis with intent to sell. § 775.021(4), Fla. Stat. (1979); Ennis v. State, 364 So.2d 497 (Fla.2d DCA 1978).
Just as we addressed the legality of the sentence imposed on Brainard on the possession charges, we consider whether the trial court erred in failing to sentence him on the charge of importing cannabis. Importation is a crime independent of possession. §§ 893.13(1)(d), (1)(a)(2), Fla. Stat. (1979). Thus, the trial court should have imposed a separate sentence for this offense. Id. § 775.021(4); Fundak v. State, 362 So.2d 295 (Fla.2d DCA 1978).
Accordingly, we affirm Brainard's convictions of possession of more than 100 pounds of resin of cannabis with intent to sell and importation of cannabis, and vacate the conviction and sentence for possession of more than 100 pounds of cannabis. We remand and direct the trial court to impose a separate sentence for the importation conviction. Such sentence, however, cannot cause the total sentence to exceed the ten-year prison cap which was a part of the plea bargain accepted by the court.
BOARDMAN, Acting C.J., and CAMPBELL, J., concur.