395 So.2d 555 (1981)
Juan Oliverio RODRIGUEZ, Armando Anaceato Vazquez, Amado Rodriguez, Domingo Francisco Ceballos, Juan Miguel Serra and Miguel Angel Herrera, Appellants,
v.
STATE of Florida, Appellee.
Nos. 79-1490, 79-1491, 79-1492, 79-1675, 79-1676 and 79-1677.
District Court of Appeal of Florida, Second District.
February 4, 1981.
Rehearing Denied March 19, 1981.
William R. Tunkey and Ron Dion of Weiner, Robbins, Tunkey & Ross, Miami, for appellants Vazquez, A. Rodriguez and J. Rodriguez.
*556 Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Loffredo & Loffredo, Miami, for appellants Ceballos, Serra and Herrera.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler and G.P. Waldbart, Asst. Attys. Gen., Tampa, for appellee.
DANAHY, Judge.
These consolidated appeals are from convictions and sentences for felony possession of marijuana. A jury found the two Rodriguezes and Vazquez guilty of the offenses of possession of more than one hundred pounds of marijuana, and possession of more than one hundred pounds of marijuana with intent to sell. The trial judge adjudicated them guilty of each offense and sentenced them to concurrent prison terms of three years on each offense. Ceballos, Serra and Herrera pled nolo contendere to a single count of possession of more than one hundred pounds of marijuana and reserved the right to appeal the denial of their motions to suppress evidence. We find no merit in the argument presented by these three appellants and we therefore affirm their convictions and sentences.
While we also affirm the convictions of the Rodriguezes and Vazquez, we do agree with their contention that their three-year sentences for possession of more than one hundred pounds of marijuana were illegal and must be stricken. These three appellants correctly argue that where, as here, the charge of possession involves the same marijuana which is the subject of the charge of possession with intent to sell, the former offense is a category three lesser included offense of the latter as enunciated in Brown v. State, 206 So.2d 377 (Fla. 1968). Both offenses in the case at bar involved the same marijuana and arose from a single criminal episode. Under these circumstances our statute specifically prohibits the imposition of separate sentences where one of the offenses is a lesser included offense of the other. § 775.021(4), Fla. Stat. (1979). Thus, the trial judge erred when he sentenced these appellants for possession of more than one hundred pounds of marijuana in addition to the sentence he imposed for possession of marijuana of more than one hundred pounds with intent to sell. Brainard v. State, 380 So.2d 1302 (Fla. 2d DCA 1980).
Accordingly, we vacate the sentences imposed on the Rodriguezes and Vazquez for possession of more than one hundred pounds of marijuana. Otherwise we affirm.
OTT, A.C.J., and CAMPBELL, J., concur.