394 So.2d 1046 (1981)
Roy Anthony BORGES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2249.
District Court of Appeal of Florida, Fourth District.
February 18, 1981.
Rehearing Denied April 1, 1981.
*1047 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender and Bruce A. Zeidel, West Palm Beach, as amicus curiae, and Roy Anthony Borges, in pro. per.
Jim Smith, Atty. Gen., Tallahassee and Russell S. Bohn and Mark Horn, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Chief Judge.
The Appellant was convicted of and sentenced to, over forty years imprisonment for four separate offenses, to wit: burglary with a dangerous weapon, possession of burglary tools, carrying a concealed firearm and possession of a firearm by a felon. He appeals claiming that the single transaction rule and Double Jeopardy prohibit these multiple sentences and convictions. We affirm.
We commence by noting that the instant information was most subtly drawn by one fully cognizant of all the nuances of Brown v. State, 206 So.2d 377 (Fla. 1968).
Addressing ourselves initially to the question of whether there can be separate sentences imposed for burglary and possession of burglary tools, we are of the opinion that the two are distinct and separate crimes for which two convictions and two sentences are proper. See D'Agostino v. State, 334 So.2d 99 (Fla. 3d DCA 1976). Section 810.06 of the Florida Statutes (1979) defines the separate crime of possession of burglary tools and only requires possession of such tools with intent to use the same to commit a burglary. The language is quite clear that the crime is complete if the possession and intent can be proved and there need never be an actual burglary or even an attempt to burgle.
On the other hand, it is not necessary to possess any burglary tools to commit an actual burglary. All that is required is an entering or remaining on nonpublic premises without permission and with intent to commit an offense. Thus it is that in the count of the information now before us charging burglary with a dangerous weapon, there is no mention whatever of burglary tools. Likewise in the count on unlawful possession of burglary tools with intent to use the same, there is no mention of either an actual burglary or an attempted burglary.
Applying all of the foregoing to the four Brown categories on lesser included offenses, we do not find in the case at bar:
1. Any crime divisible into degrees.
2. Any attempt to commit offenses.
3. Any offense necessarily included in the offense charged.
Thus the only applicable possibility involves an offense which may or may not be included depending on the accusatory pleading and the evidence. As the Supreme Court said about this fourth category in Brown:
"... The trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense... ." Id. 206 So.2d at 383.
We have done that here and determine that no allegation of possession of burglary tools is found in the count charging burglary and no allegation of any of the elements of burglary exist in the count charging the appellant with possession of burglary tools. Thus we conclude the conviction and sentencing on both charges were proper.
Without repetition in laborious detail, we can apply the same logic to the crime of carrying a concealed weapon. The charge in that count makes no reference to possession of burglary tools nor any whatever to a burglary with a weapon. Neither does it make reference to possession by a convicted felon. Obviously we do not need a felon, burglary tools, a burglary or an attempt to burgle to complete the crime of carrying a concealed weapon. The crime is complete if any one of us, including all law *1048 abiding citizens, carries a concealed firearm, unless we qualify under the exceptions set forth in subsections (3) and (4) of Section 790.01, Florida Statutes (1979).
Furthermore, as to the count on possession of a firearm by a convicted felon, appropriate language as to that, is all that is in the charge. There is no reference to burglaries, burglary tools or concealed weapons with the lone exception of the necessary language detailing a previous conviction for breaking and entering with intent to commit grand larceny.
Finally, it is true that the burglary here charged was one carried out with a dangerous weapon, but that count did not set forth that the burglar was a convicted felon nor did it suggest that the weapon used was concealed.
As to the single transaction rule, we are not unaware of our own decision in Bruton v. State, 326 So.2d 186 (Fla. 4th DCA 1975) in which we sua sponte raised and held the possession of burglary tools and the attempted breaking and entering of an automobile to involve a facet or phase of the same criminal transaction for which only one sentence could be imposed. However, the principal case relied on for that conclusion, Kirkland v. State, 299 So.2d 54 (Fla. 1st DCA 1974), was reversed by the Supreme Court in State v. Kirkland, 322 So.2d 480 (Fla. 1975); also see Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975). We are equally cognizant of our recent holding in Haynes v. State, 377 So.2d 771 (Fla. 4th DCA 1979). However, Haynes hinged on a finding of a Brown category four, not an application of the single transaction rule.
After the rendering of most of the above cited cases, Florida enacted Section 775.021(4) effective October of 1976 which reads as follows:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.[1]
According to the appellant this statute not only abrogates the single transaction rule, but flies in the face of the Double Jeopardy clause of the Fifth Amendment. Whatever our thoughts on this might have been, such a statute appears to have received a blessing from the Supreme Court of the United States in an opinion issued after the appellant's brief was filed. See Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Also see Fundak v. State, 362 So.2d 295 (Fla. 2d DCA 1978). However, our own Supreme Court very recently decided in White v. State, 377 So.2d 1149 (Fla. 1979) that one convicted of robbery and the display of a firearm during the commission of that same robbery cannot be sentenced for both crimes. The opinion makes no mention whatever of Section 775.021(4), but we have independently determined that the record lodged in our Supreme Court reveals that the robbery in White was committed on December 7, 1974, before the statute was enacted. Nor does the White opinion reveal what wording was used in the accusatory pleading but it seems to us that the accusatory pleading would almost certainly activate a Brown category four lesser included offense.[2] Despite this available distinction, the White decision chooses as the premise for its conclusion not a Brown category lesser included offense but two prior cases decided before the advent of Section 775.021(4) which are predicated on the single transaction rule. This troubles us.
*1049 Accordingly, deeming the matter to be of great public importance we hereby certify the following questions to the Supreme Court,
(1) HAS THE ADVENT OF FLORIDA STATUTE 775.021(4) DONE AWAY WITH THE SINGLE TRANSACTION RULE?
(2) IS CATEGORY 4 OF BROWN V. STATE, 206 So.2d 377 (Fla. 1968), ADEQUATE TO SAFEGUARD A DEFENDANT'S RIGHT NOT TO BE SUBJECT TO DOUBLE JEOPARDY?
ALL FOUR CONVICTIONS AND SENTENCES ARE AFFIRMED.
BERANEK and HURLEY, JJ., concur specially with opinion.
HURLEY, Judge, specially concurring.
I concur in the analysis and decision of the court, but write separately to express the view that (1), with the enactment of Section 775.021(4), Florida Statutes (1977), the single transaction rule is no longer extant in Florida, and (2), the definition of a lesser included offense as set forth in category 4 of Brown v. State, 206 So.2d 377 (Fla. 1968), is subject to such capricious application as to be inadequate to satisfy the demands of the Double Jeopardy Clause.

I
The single transaction rule is a court-formulated rule of limitation. It first appeared in Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942), a case which seemed to rely on fundamental fairness and which held that there could be but one sentence for the highest offense charged when multiple counts of an information charged different aspects of the same criminal transaction. Thus emerged a rule which is deceptively simple to state but which has virtual kaleidoscopic application. It must be noted, however, that when the court decided Simmons, the Florida Legislature had not definitively expressed itself on the subject of cumulative punishments for the violation of different statutes during a single criminal episode.
The absence of clear legislative direction was critical to the decision in Simmons. Without a contrary indication, the rule of lenity presumes that the legislative branch "does not intend to punish the same offense under two different statutes." Whalen v. United States, 445 U.S. 684, 691, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). Thus, the court in Simmons properly employed a long-standing rule of statutory construction and crafted the single transaction rule.
The legislative landscape was dramatically altered, however, on October 1, 1976 and again with minor revision on August 2, 1977, when the Florida Legislature enacted Section 775.021(4), Florida Statutes (1977), which states:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
Section 775.021(4) embodies a deliberate legislative decision to take a fresh course in the field of sentencing. The single transaction rule was jettisoned. "`The legislature is presumed to know the existing law when it enacts a statute. And it is presumed that the legislature was acquainted with the judicial construction of former laws on the subject concerning which some statute is enacted.'" Stern v. Miller, 348 So.2d 303, 308 (Fla. 1977), quoting 30 Fla.Jur.Statutes § 110. Furthermore, once expressed, the legislative will must prevail. The extent and severity of punishment "are peculiarly questions of legislative policy." Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958). "[W]hether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." Whalen v. United States, supra, 445 U.S. at 688, 100 S.Ct. at 1436.
*1050 Gore and Whalen emphasize the primacy of the legislative branch in the realm of sentencing. In Gore the Supreme Court upheld the imposition of six separate sentences stemming from two drug sales. The trial court had imposed sentences of 1 to 5 years for each of the six convictions; the first three sentences to be served consecutively and the second three sentences to be served concurrently. The Court affirmed on the finding that the enactment of three different statutes dealing with illicit drug sales "reveals the determination of Congress to turn the screw of the criminal machinery  detection, prosecution and punishment  tighter and tighter." 357 U.S. at 390, 78 S.Ct. at 1283. Indeed, even the dissent conceded that "[in] every instance the problem is to ascertain what the legislature intended." Id. at 394, 78 S.Ct. at 1285 (Warren, C.J., dissenting).
Whalen v. United States, supra, also dealt with cumulative punishments for the violation of separate statutes during a single criminal transaction. Whalen was convicted of rape, and of killing the victim in the perpetration of the same rape. He was sentenced to consecutive terms of imprisonment of 20 years to life for first degree murder, and of 15 years to life for rape. On appeal, the United States Supreme Court reversed and remanded for resentencing, finding that the rape conviction was barred since Congress, in enacting the D.C. Code provision, intended that rape be considered a lesser included offense to the defense of killing a human being in the course of committing a rape. The court clearly noted, however, that had Congress desired to allow the imposition of consecutive sentences for these crimes it had the power to do so and the exercise of such power would not have contravened the Double Jeopardy Clause of the Fifth Amendment.[3]
The Double Jeopardy Clause affords protection in three distinct situations. First, it protects against a second prosecution for the same offense after an acquittal. Second, it protects against a second prosecution for the same offense after a conviction. Third, it protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).
The only function the Double Jeopardy Clause serves in cases challenging multiple punishments is to prevent the prosecutor from bringing more charges, and the sentencing court from imposing greater punishments, than the Legislative Branch intended.
... [T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Whelan v. United States, supra, 445 U.S. at 697, 100 S.Ct. at 1441 (Blackmun, J., concurring in the judgment).
Turning again to Florida's enactment, it is clear that Section 775.021(4), Florida Statutes (1977), does not alter the traditional discretionary function of the trial court in deciding whether to adjudicate a defendant or, once adjudicated, whether the sentences are to be served concurrently or consecutively. However, once the court has determined to adjudicate and sentence, the statute imposes a mandatory requirement *1051 that the defendant "be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode." This is the essence of the legislative mandate. Section 775.021(4) represents the considered judgment of the Florida Legislature to exercise its prerogative in the area of sentencing. It constitutes a renunciation of the single transaction rule, and viewed against the analytical backdrop of Whelan v. United States, supra, it comports with the Double Jeopardy Clause of the Fifth Amendment.

II
Section 775.021(4) utilizes the phrase "lesser included offenses," a term defined by Brown v. State, 206 So.2d 377 (Fla. 1968). There the court held that lesser included offenses may be subdivided into four categories. In explanation of the last category, the court said:
This fourth category comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense. Id. at 383.
While I do not think that Brown-category 4 is inadequate in the case at bar, I join with Judge Beranek in expressing concern that category 4 of Brown may be too technical and arbitrary to satisfy the demands of the Double Jeopardy Clause in all instances. The recent case of Portee v. State, 392 So.2d 314 (Fla. 2d DCA 1980), provides an apt illustration. Starting from the premise that "possession [of contraband] is not an essential aspect of the sale," the court focused its attention on the charging document which alleged sale of cannabis in count one, and possession of cannabis in count two. If count one had alleged possession with intent to sell, then possession would have been a Brown-category 3 lesser included offense, and only one conviction and sentence would have been permissible.[4] But because the first count alleged only sale, the court reasoned under strict Brown interpretation that possession was not a lesser included offense.
The difficulty I have with the court's analysis is that it bears no relationship to the facts of the case. As I read them, the state proved that Portee possessed cannabis only while he consummated the sale. Thus, under the facts as proved, possession was a necessary part of the sale. In this context Brown-category 4 analysis seems wholly artificial. Furthermore, it is repugnant to the notion of a free society that constitutional protections can be stripped away by a scrivener's acuity in drafting a charging document. Cf. Aiello v. State, 390 So.2d 1205 (Fla. 4th DCA 1980).
The Third District Court of Appeal in Anderson v. State, 392 So.2d 328 (Fla. 3d DCA 1981), dealt with the same issue presented in Portee, but seems to have fashioned a different test, one which I submit is realistic and passes constitutional muster. Like Portee, Anderson was charged with sale and possession. He plead nolo contendere and was convicted and sentenced for both counts. The Court of Appeal reversed and vacated the conviction and sentence for possession, finding that it was a Brown-category 4 lesser included offense. Unfortunately the court's opinion does not contain the precise language of the information, but the opinion implies that the verbiage is the same as in Portee. Nonetheless, the court did not focus its attention on the wording of the allegation, but instead, placed primary emphasis on the factual basis of the plea which demonstrated "that the same controlled substance was *1052 possessed and sold." Thus, the court reasoned, possession was a lesser included offense of sale which precluded a conviction and sentence for possession.
It is well to remember that Brown was conceived as a protection of the defendant's right to have the jury instructed on lesser included offenses. It guarantees that a defendant will receive the benefit of the jury's "inherent pardon power." State v. Abreau, 363 So.2d 1063 (Fla. 1978). But, I suggest we are extending Brown far beyond its intended limits when we apply it to double jeopardy analysis. Moreover, it is inadequate for this purpose. While the Double Jeopardy Clause permits the legislature to authorize cumulative punishments for the violation of separate statutes, Whalen v. United States, supra category 4 of Brown effectively places this power in the hands of the executive. In my view, it is constitutionally impermissible for a state attorney to have the power to substantially increase potential punishment by arbitrarily omitting words from one count of an information only to charge what would have been the lesser included offense in a separate count. See e.g., Portee v. State, supra. However, since the defendant in the case at bar was sentenced in accord with Florida Statute 775.021(4), and because he failed to demonstrate that any offense herein is a "lesser included offense"  either as alleged or as proved  I join in the judgment of the court.
BERANEK, Judge, concurring specially:
I concur in the opinion of Judge Letts but write separately to comment on the complexity which the courts seem compelled to impress upon this area of the law. I frankly admit that Whalen v. United States, supra, and Illinois v. Vitale, supra, do not clear up this area at all for me.
It does seem that Section 775.021(4), Florida Statutes (1977), abrogates the "single transaction rule" and replaces it with a rule of "lesser included offenses" as a limitation on cumulative sentencing for different facets of the same crime. Any consideration of lesser included offenses leads immediately to the four categories of such offenses established in Brown v. State, 206 So.2d 377 (Fla. 1968). The Brown category four offenses present a particular difficulty in the context of this case. In a single count information, a defendant can only be punished for the highest crime of which he is convicted. If, instead, the State charges defendant in a multi-count information, he may be sentenced separately on each count if the counts by artful allegation are not lesser included offenses of the other counts under Brown. Under category four it is crucial to determine what is not alleged rather than what is alleged. This, in my opinion, places too much stress on the technicalities of the charging document and too little stress on the statutes defining the crimes in question. A defendant who carries a firearm while committing a burglary should not be subject to a sentence for armed burglary and an additional sentence for carrying a concealed firearm depending entirely upon the wording of the information. Frankly, I would prefer that armed burglars keep their guns concealed.
Were it not for Section 775.021(4), Florida Statutes (1977), I would hold the defendant was properly convicted and sentenced separately for the crimes of (1) burglary with a dangerous weapon, (2) possession of burglary tools (the tools were not the weapon), and (3) possession of a firearm by a convicted felon, but improperly sentenced for the crime of carrying a concealed firearm. It does, however, appear that carrying a concealed firearm was not a lesser included offense under the information as written and under Brown v. State, supra. Thus despite the fact it was part of a single transaction, the defendant may be separately punished. Although it basically looks like the same crime to me, the Legislature has spoken to the contrary. I thus concur in the majority's affirmance.
NOTES
[1] The original version omitted the word "committed" which we have emphasized. This omission was corrected in the August 2, 1977 amendment.
[2] In a case with facts similar to White, we prefer the reasoning of the Third District in Hearns v. State, 378 So.2d 70 (Fla. 3d DCA 1979); however the crimes in Hearns occurred after the adoption of the statute. We would also refer to Justice Alderman's dissent in Johnson v. State, 366 So.2d 418 (Fla. 1978).
[3] where two statutory offenses are not the same under the Blockburger test [Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)], the sentences imposed "shall, unless the court expressly provides otherwise, run consecutively." And where the offenses are the same under that test, cumulative sentences are not permitted, unless elsewhere specially authorized by Congress. 445 U.S. at 693, 100 S.Ct. at 1439 (emphasis supplied; footnote omitted).
The "Blockburger test," referred to above, traces its roots to the Double Jeopardy Clause and is the principal test for determining whether two offenses are the same for purposes of barring successive prosecutions. It is important to note, however, that while the Blockburger test can prevent successive prosecutions, it does not preclude the imposition of multiple punishments at the same criminal proceeding where the court acts pursuant to an explicit legislative mandate.
[4] Rodriquez v. State, 395 So.2d 555 (Fla. 2d DCA 1981); Brainard v. State, 380 So.2d 1302 (Fla. 2d DCA 1980).