566 So.2d 354 (1990)
Joseph A. VICTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0036.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
*355 Steven T. Greene, Stuart, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant is charged with engaging in "carnal intercourse" with an unmarried person under eighteen years of age. The facts are not disputed. The only act charged involved fellatio performed upon the victim by the defendant. The trial court denied appellant's motion to dismiss. We affirm.
Florida Statutes Section 794.05(1) provides:
Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. (emphasis added)
This offense was previously known as "statutory rape." Griffin v. State, 322 So.2d 587 (Fla. 4th DCA 1975). By its wording, the statute is gender neutral.
The appellant asserts that there must be a "penetration" of the victim and that here the only "penetration" was of the defendant. We recognize that several cases discuss "penetration" as an element of a carnal intercourse statute. E.g., State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942). However, the reasoning in those cases is generally equally applicable to the then existing law on rape. See State v. Bowden, supra. But cases involving acts of fellatio and cunnilingus now may be filed as sexual batteries under our statute. Florida Statute Section 794.011(1)(h) defines "sexual battery":
The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; ...
A sexual battery under chapter 794 does not require penetration of a victim. Contact between the defendant's mouth and the victim's sexual organ is sufficient. Banks v. State, 342 So.2d 469 (Fla. 1976); Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989); Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986); Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984).
We recognize that the appellant is not charged with a sexual battery. Nevertheless, whether a sex act offends the provisions of chapter 794 is not determined from the perspective of either the victim or the *356 accused. Rather, the purpose of that chapter is to prevent one person imposing a sex act involving a sexual organ, whether oral, anal or vaginal, by force, threat, or position of authority or maturity, upon another.
We have found no acceptable definition of "carnal intercourse." However, it has been determined that the term "carnal knowledge" is broader than the act of sexual intercourse and does not require "penetration" of the victim.
The word "carnal" is derived from the Latin word meaning flesh. The Webster's Collegiate Dictionary defines it variously as fleshly; sensual; related to the body as the manifestation of man's lower nature; implies connection with the flesh; implies habitual indulgence in sensations and desires having a physical origin. The word pertains to the body, its passions and its appetites. Carnal pertains to the body and includes carnal knowledge of the body of another person by either natural or unnatural copulation. (cites omitted) Carnal knowledge includes more than sexual intercourse. It extends to the gratification of animal appetites or lusts upon the body of another.
Brinson v. State, 278 So.2d 317 (Fla. 1st DCA 1973). See also Washington v. State, 302 So.2d 401 (Fla. 1974), cert. denied, 421 U.S. 918, 95 S.Ct. 1582, 43 L.Ed.2d 786 (1975).
In our judgment the terminology, "carnal intercourse" requires neither sexual intercourse nor penetration of the victim. The statute, protecting minors from sex acts imposed by adults in the manner described is equally violated, regardless of which party is acting upon the other. Therefore, the judgment is affirmed.
LETTS and WALDEN, JJ., concur.