PER CURIAM.
Convicted defendant Allen raises two issues in this appeal. Since we reverse on the second issue, we need not address the other.
Allen and codefendant Feinman moved to sever, claiming inconsistent defenses. We find no error in the denial of that motion. It is not an abuse of discretion to deny severance even when defendants rely on inconsistent or antagonistic defenses, or when one defendant blames the other for the offense. Biscardi v. State, 511 So.2d 575 (Fla. 4th DCA 1987).
Feinman had been negotiating with the state for a plea, of which fact Allen was aware. The negotiations were not completed when the jury was selected, and both defendants participated in voir dire, with Feinman striking two of the jurors whom Allen had accepted. After the jury was sworn, but before the trial began, Feinman pled guilty and ultimately testified against Allen. Allen’s motion for mistrial was denied.
We find that Allen was denied a fair trial because he was tried before a jury partially chosen by a former codefendant testifying for the state. See Kritzman v. State, 520 So.2d 568 (Fla.1988).
Reversed and remanded for a new trial.
ANSTEAD, GLICKSTEIN, JJ., and MARTIN D. KAHN, Associate Judge, concur.