712 So.2d 1221 (1998)
STATE of Florida, Appellant,
v.
Lisa Marie CUNNINGHAM, Appellee.
No. 97-03010.
District Court of Appeal of Florida, Second District.
June 26, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
Bob Dillinger, Public Defender, and Stephen L. Romine, Assistant Public Defender, Clearwater, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, the State of Florida, challenges the trial court order finding section 794.05, Florida Statutes (Supp.1996), which is the successor statute to the "statutory rape" law, unconstitutional on privacy grounds. While we conclude that the order on appeal is well-reasoned and well-written, we are nevertheless of the opinion that the able trial judge arrived at the wrong conclusion. Accordingly, we must reverse.
In reaching his conclusion that section 794.05 could not withstand the privacy challenge, the trial judge employed the test set forth in Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985). Winfield holds that, in order to withstand a privacy challenge under article 1, section 23 of the Florida Constitution, the statute in question must sufficiently further a compelling State interest through the least intrusive means. Finding that section 794.05 failed this test, the court declared the statute unconstitutional and dismissed the two counts charging appellee, Lisa Marie Cunningham, with violating the statute.
Appellee Cunningham had been charged by information with two counts of violating section 794.05, in that she, a person twenty-four years of age or older, had engaged in consensual sexual activity with a seventeen-year-old male. The record tells us nothing of the alleged circumstances surrounding the incident or of the relationship, if any, between appellee and the alleged victim. However, for the purpose of determining the sole issue before us, the constitutionality of section 794.05, that information is unnecessary.
The pertinent parts of section 794.05, Florida Statutes (Supp.1996), provide as follows:
794.05 Unlawful sexual activity with certain minors.
(1) A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree, punishable as provided in s. 775.082, s. 775-083, or s. 775-084. As used in this section, "sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; however, sexual activity does not include *1222 an act done for a bona fide medical purpose.
(2) The provisions of this section do not apply to a person 16 or 17 years of age who has had the disabilities of nonage removed under chapter 743.
(3) The victim's prior sexual conduct is not a relevant issue in a prosecution under this section.
In determining the constitutionality of section 794.05, we must first ask whether the statute sufficiently furthers a compelling State interest through the least intrusive means. See Winfield. In order to properly answer this question, we must examine not only the statute itself, but its legislative history, the larger statutory scheme in which it exists, and related case law.
We observe first that the statute before us, section 794.05, Florida Statutes (Supp.1996), is the successor statute to section 794.05, Florida Statutes (1991). The supreme court's analysis of section 794.05, Florida Statutes (1991), in B.B. v. State, 659 So.2d 256 (Fla.1995), was clearly influential in the legislature's decision to change the statute's provisions and pass the statute in its current form. The previous version of section 794.05, Florida Statutes (1991), considered in B.B., was commonly known as the "statutory rape" law and provided as follows:
(1) Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) It shall not be a defense to a prosecution under this section that the prosecuting witness was not of previous chaste character at the time of the act when the lack of previous chaste character in the prosecuting witness was caused solely by previous intercourse between the defendant and the prosecuting witness.
The B.B. court held that statute unconstitutional as it affected the privacy rights of a sixteen-year-old minor charged with having consensual carnal intercourse with another sixteen-year-old minor. Not only the majority, but the concurring and dissenting opinions in B.B. all used language and applied reasoning that, while much of it appears to be dicta, obviously influenced the legislature in enacting section 794.05, Florida Statutes (Supp.1996). The B.B. court reasoned that if the State's compelling interest was in protecting minors from sex acts imposed by adults, it was not furthered by the least intrusive means when the sixteen-year-old minor charged with violating the statute was ultimately adjudicated delinquent. The B.B. court observed that, as applied to this sixteen-year-old charged with its violation, the statute had the unintended effect of operating as a sword, not a shield, against those it sought to protect.[1] When the new section 794.05 was enacted in 1996, it limited those who could be charged with violating it to only those individuals who were over twenty-four years old.
Given this legislative background, we now examine the larger statutory scheme in which section 794.05 exists. Pursuant to previous legislative enactments on the subject matter, other prohibited acts of sexual misconduct currently include:
(1) Sexual battery upon a person less than 12 years of age by a person 18 or older, with or without consent. § 794.011(2)(a).
(2) Sexual battery upon a person less than 12 years of age by a person less than 18 with or without consent. § 794.01(2)(b).
(3) Sexual battery upon a person 12 or older, by anyone without consent of the victim. § 794.011(3), (4), (5).
(4) Sexual battery upon a person less than 18, with or without their consent, by a person in custodial or familial authority over the victim. § 795.011(8).
(5) The act defined as "sexual battery" without committing the offense of sexual battery committed by anyone upon *1223 any child under the age of 16, with or without that child's consent.
It is apparent that, without the proscriptions of section 794.05, Florida Statutes (Supp.1996), sixteen- and seventeen-year-olds were the only minors unprotected from consensual sexual activity with adults. With the enactment in 1996 of section 794.05, sixteen-and seventeen-year-old minors are now protected as are all other minors from consensual sexual activity with adults twenty-four or older. Additionally, any such adult violating this statute is subject to the same punishment as any person engaging in sexual activity with a minor less than sixteen, in violation of section 800.04, Florida Statutes (1991).
As these statutes have been challenged over the years on constitutional privacy grounds, courts have been called upon to characterize the State's compelling interest in passing them. The supreme court in Jones v. State, 640 So.2d 1084 (Fla.1994), explained the State's compelling interest as follows:
As evidenced by the number and breadth of the statutes concerning minors and sexual exploitation, the Florida Legislature has established an unquestionably strong policy interest in protecting minors from harmful sexual conduct. As we stated in Schmitt v. State, 590 So.2d 404 (Fla. 1991), cert. denied, [503] U.S. [964], 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992), "any type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents... [S]ociety has a compelling interest in intervening to stop such misconduct." Id. at 410-11. In Schmitt the issue involved the constitutionality of a statute making it unlawful to possess material depicting sexual conduct by children. The issue in the instant case involves the constitutionality of a statute making it unlawful to have sexual intercourse with a child under the age of sixteen. In both of these cases, the State intervened in an effort to protect the health, safety, and welfare of children who are inevitably vulnerable to the sexual misconduct of others.
... We are of the opinion that sexual activity with a child opens the door to sexual exploitation, physical harm, and sometimes psychological damage, regardless of the child's maturity or lack of chastity. Therefore, in the instant case, it is appropriate to consider the child protection policies discussed in Schmitt. The petitioners argue that the statute is unconstitutional as applied because the girls in this case have not been harmed; they wanted to have the personal relationships they entered into with these men; and, they do not want the "protections" advanced by the State. However, neither the level of intimacy nor the degree of harm are relevant when an adult and a child under the age of sixteen engage in sexual intercourse. The statutory protection offered by section 800.04 assures that, to the extent the law can prevent such activity, minors will not be sexually harmed. "[S]exual exploitation of children is a particularly pernicious evil that sometimes may be concealed behind the zone of privacy that normally shields the home. The state unquestionably has a very compelling interest in preventing such conduct." 590 So.2d at 410.
. . . .
The rights of privacy that have been granted to minors do not vitiate the legislature's efforts and authority to protect minors from conduct of others. We agree with Judge Sharp and the legislature that Florida has an obligation and a compelling interest in protecting children from "sexual activity and exploitation before their minds and bodies have sufficiently matured to make it appropriate, safe and healthy for them." 619 So.2d at 424 (Sharp, J., concurring specially).
640 So.2d at 1085-87 (footnotes omitted).
Justice Kogan's following comments in his concurring opinion in Jones are equally persuasive:
What is most at stake here is legalizing the sexual exploitation of children and young adolescents,6 because that is one result that must inevitably follow if the statute is stricken in its application or otherwise. As the fragmented district court below seems to have concluded, the right of privacy in no sense authorizes such behavior. I also *1224 have reached essentially the same conclusion in an earlier opinion on a highly similar question of law:
[T]he state's intervention in this setting is designed to prevent harmful physical and psychological effects of which the child may be wholly unaware. The state's interest in preventing such harm thus clearly outweighs whatever "right" children may have in consenting to this type of exploitation.
Schmitt, 590 So.2d at 418-19 n. 17 (Fla. 1991) (Kogan, J., concurring in part, dissenting in part).
6 I recognize that some of the parties attempt to distinguish "consensual" sex with minors from "exploitation." For reasons more fully developed in Part I. below, I must respectfully disagree. The relevant psychological literature strongly indicates this is a distinction without a difference in the case of children. Moreover, the question of "consent" is bound up with the problem of a minor's "maturity," which also is highly problematic in the present context for reasons noted below in Part I.
Id. at 1088.
In B.B., the supreme court, in dicta, approved Justice Kogan's concurring statements in Jones as follows:
If our decision were based upon whether minors could consent to sexual activity as though they were adults, our decision would be "no" for the reasons stated in Justice Kogan's concurring opinion in Jones v. State, 640 So.2d 1084, 1087 (Fla. 1994)....
. . . .
The State contends that the compelling state interest furthered by this statute is the same as the state interest which we found to be compelling in Jones. However, in Jones we were dealing with a situation where section 800.04 was applied to charge an adult engaged in sexual activity with a minor under the age of sixteen years. We there held, and reiterate here, that the rights of privacy that have been granted to minors do not vitiate the legislature's efforts to protect minors from the conduct of others....
While we do recognize that Florida does have an obligation and a compelling interest in protecting children from sexual activity before their minds and bodies have sufficiently matured to make it appropriate, safe, and healthy for them and that this interest pertains to one minor engaging in carnal intercourse with another, the crux of the State's interest in an adult-minor situation is the prevention of exploitation of the minor by the adult. Whereas in this minor-minor situation, the crux of the State's interest is in protecting the minor from the sexual activity itself for reasons of health and quality of life. Having distinguished between the State's interest in the adult-minor situation and in the minor-minor situation, we conclude that the State has failed to demonstrate in this minor-minor situation that the adjudication of B.B. as a delinquent through the application of section 794.05 is the least intrusive means of furthering what we have determined to be the State's compelling interest.
. . . .
We agree with the opinion of the Fourth District Court of Appeal in Victor v. State, 566 So.2d 354 (Fla. 4th DCA 1990), that the purpose of section 794.05(1), Florida Statutes, is "to protect minors from sex acts imposed by adults." Victor, 566 at 356. Here, though, section 794.05 is not being applied in furtherance of the purpose delineated by the district court in Victor. Section 794.05 is not being utilized as a shield to protect a minor, but rather, it is being used as a weapon to adjudicate a minor delinquent. Thus, we do not hold that section 794.05 is facially unconstitutional but only that it is unconstitutional as applied to this 16-year-old as a basis for a delinquency proceeding.
659 So.2d at 258-60.
In its most recent pronouncement on this subject, the supreme court stated that the State's compelling interest in these statutes is to protect minors from "harmful sexual conduct `for reasons of health and quality of life.'" J.A.S. v. State, 705 So.2d 1381, 1386 (Fla.1998) (quoting B.B., 659 So.2d at 259). This language and reasoning, and that set forth in Jones and B.B. above, leads us to conclude that section 794.05, Florida Statutes *1225 (Supp.1996), unlike its predecessor, overcomes the privacy challenge and is, accordingly, constitutional. Given the existing statutory scheme, the court's obvious concern for the health and well-being of minors, and the clear legislative intent, the statute furthers a compelling State interest by the least intrusive means in that it prohibits sexual activity between those minor children and adults of an age likely to be more exploitative of such children.
We, therefore, find the trial court's concern over the lack of definition or proof of exploitation of minors misplaced. The trial court order states:
It is important to consider another component of the statute. That is, what if any efforts were made to require some proof of exploitation if this is truly the statutory purpose? The legislature has enacted statutes which specifically define and proscribe exploitation. See F.S. 825.013 Exploitation of an elderly person or disabled adult. F.S. 794.05 does not mention exploitation. It does not appear to be a defense to this charge that the minor was not in fact exploited in any way by the adult.
Not only does the statute leave out references to an element of sexual exploitation but it also specifically eliminates an accused adult's ability to raise the prior sexual conduct of the minor which could be relevant to any determination that sexual exploitation occurred. This further obfuscates the relevant considerations for the fact finder.
Our supreme court in Jones has clearly addressed this concern and discarded it as follows: "[S]exual activity with a child opens the door to sexual exploitation, physical harm, and sometimes psychological damage." 640 So.2d at 1086. See also B.B., J.A.S.
Finally, although the trial court also expressed concern in its order that the statute raises potential equal protection questions, no such challenge was presented. The trial judge recognized that an equal protection analysis is not a part of the stringent Winfield privacy test. If faced with such an issue, however, we would observe that there is a reasonable assumption that sexual exploitation of minors would probably more often occur as the age differential increases. That same rationale seems to have been employed in prohibiting sexual activity between minors and those persons in familial or custodial authority with the minors. In any event, it has been recognized that even where the rationality test is appropriate, the equal protection clause is not violated merely because a classification is not perfect. See In re Estate of Greenberg, 390 So.2d 40 (Fla.1980); see also Newman v. Carson, 280 So.2d 426 (Fla.1973).
We conclude that the State has satisfied its burden to justify the intrusion of privacy implicated by the enactment of section 794.05, Florida Statutes (Supp.1996). Clearly, the statute furthers a compelling State interest in protecting minors from harmful sexual conduct and possible sexual exploitation by adults and has employed the least intrusive means in order to accomplish that goal.
Reversed and remanded.
THREADGILL and NORTHCUTT, JJ., concur.
NOTES
[1] While the court in B.B. was faced with an "as applied" challenge to the statute, and we are presented with a facial challenge, the constitutional privacy analysis of the provisions of the statute remain the same.