729 So.2d 504 (1999)
STATE of Florida, Appellant/Cross-Appellee,
v.
Bobbie June WALBORN, Appellee/Cross-Appellant.
No. 98-01520.
District Court of Appeal of Florida, Second District.
April 7, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant/ Cross-Appellee.
Bob Dillinger, Public Defender, and Stephen L. Romine, Assistant Public Defender, Clearwater, for Appellee/Cross-Appellant.
GREEN, Judge.
Bobbie June Walborn was charged by information with unlawful sexual activity with a minor, pursuant to section 794.05, Florida *505 Statutes (1997). Walborn filed a motion to dismiss the information and to declare section 794.05, Florida Statutes (1997), unconstitutional because it violated her right to privacy, under Article 1, section 23 of the Florida Constitution, and her right to equal protection, under Article 1, section 2 of the Florida Constitution and the Fourteenth Amendment to the Constitution of the United States. The trial court ruled that although the statute did not violate Walborn's right to privacy, it did violate her right to equal protection and dismissed the information.
The State appeals the dismissal of Walborn's information alleging that section 794.05, Florida Statutes (1997), does not violate the equal protection clause. Walborn cross-appeals contending that the trial court should have also found the statute to be unconstitutional as a violation of her right to privacy. Since we find the statute to be constitutional, we reverse the trial court's order dismissing Walborn's information and affirm the order as it pertains to Walborn's cross-appeal.
On direct appeal, the State alleges that the trial court erred in finding that section 794.05, Florida Statutes (1997), violated Walborn's right to equal protection. Section 794.05(1), Florida Statutes (1997), states:
A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. As used in this section, "sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; however, sexual activity does not include an act done for a bona fide medical purpose.
The trial court stated in its order that there are no practical differences between a twenty-three year old and a twenty-four year old engaging in sexual activity with a minor. Based on its analysis, the trial court concluded that this classification was unreasonable and arbitrary and dismissed Walborn's information.
A restriction on individual rights on the basis of age need not pass a strict scrutiny test as age is not a suspect class. See White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla.1979). Instead, when an age restriction is attacked on due process or equal protection grounds, it must only be shown that: (1) the restriction is reasonable, and, (2) it is not discriminatory, arbitrary, or oppressive. See White Egret, 379 So.2d at 351. Furthermore, the Florida Supreme Court has stated that while a statute may result in some incidental inequality or may not be drawn with mathematical precision, this will not automatically result in its invalidity. See In re Greenberg, 390 So.2d 40 (Fla.1980). All reasonable doubts as to the validity of statutes are to be resolved in favor of constitutionality. See Gammon v. Cobb, 335 So.2d 261 (Fla.1976).
A recent opinion of this court addressed the constitutionality of section 794.05 under a right to privacy analysis. See State v. Cunningham, 712 So.2d 1221 (Fla. 2d DCA 1998), rev. denied, No. 93,390, 728 So.2d 201 (Fla. Nov. 5,1998). Pertinent to the inquiry in our case, we also commented in Cunningham on the reasonableness of the age classification as it relates to equal protection concerns. We stated:
[A]lthough the trial court also expressed concern in its order that the statute raises potential equal protection questions, no-such challenge was presented ... If faced with such an issue,however, we would observe that there is a reasonable assumption that sexual exploitation of minors would probably more often occur as the age differential increases. That same rationale seems to have been employed in prohibiting sexual activity between minors and those persons in familial or custodial authority with the minors. In any event, it has been recognized that even where the rationality test is appropriate, the equal protection clause is not violated merely because a classification is not perfect.
Cunningham, 712 So.2d at 1225 (citations omitted).
In State v. Drake, 219 N.W.2d 492 (Iowa 1974), the Supreme Court of Iowa faced a similar challenge to its statutory rape law which, at the time of its opinion, made it criminal for men over the age of twenty-five *506 to have sex with females under age seventeen. The following reasoning of the Iowa Supreme Court is instructive:
We hold the legislature could reasonably decide that men beyond a certain age should have sufficient maturity and judgment to be held responsible for conduct which might be excusable in a younger person. Not all will agree this age should be fixed at 25. Sound reasons might be advanced for either side of this argument. However, determining the line which separates what is criminal from what is not lies peculiarly within the sphere of legislative discretion, and we have no right to substitute our judgment for that of the legislature unless we find the classification to be arbitrary, capricious, and without reasonable relationship to the purposes of the statute. As already indicated, we cannot reach such a conclusion here.
Drake, 219 N.W.2d at 496.
The same holds true in our case. While all may not agree with the age restrictions found in section 794.05, Florida Statutes (1997), that does not make the classification arbitrary or capricious. The Florida Legislature has consistently expressed a strong policy interest in protecting minors from harmful sexual contact. See Jones v. State, 640 So.2d 1084 (Fla.1994). In regards to section 794.05, the legislature decided to limit criminal responsibility to persons twenty-four years of age and over because the legislature felt that persons in this group were more likely than others to understand the consequences of their actions and to cause harm to minors who cannot appreciate the seriousness of their activities. Therefore, the age limitation in section 794.05, is not arbitrary when balanced against the goals of protecting minors from sexual exploitation. Accordingly, we will not substitute our judgment for that of the legislature. We, therefore, find that the statute is reasonably related to the goal of protecting minors from sexual exploitation by adults and its age restriction is constitutional.
Finally, Walborn argues on cross-appeal that the trial court should have found section 794.05, Florida Statutes (1997), unconstitutional not only because it violated her right to equal protection but because it also violated her right to privacy. As mentioned previously, this court specifically held that this statute does not violate a person's right to privacy. See Cunningham, 712 So.2d at 1225. See also Carlson v. State, 723 So.2d 338 (Fla. 1st DCA 1998); State v. Pawloski, 718 So.2d 1264 (Fla. 2d DCA 1998). We, therefore, affirm the point on cross-appeal without further discussion.
Accordingly, we reverse the trial court's order dismissing Walborn's information and remand for further proceedings consistent herewith, and we affirm the point on cross-appeal.
Reversed in part; affirmed in part.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.