739 So.2d 1230 (1999)
Kenneth WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2326.
District Court of Appeal of Florida, First District.
August 10, 1999.
*1231 Nancy A. Daniels, Public Defender; W.C. McLain, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
The State's amended information alleged that the appellant, Kenneth Wright (Wright), committed sexual battery upon S.J., a person 12 years of age or older, by coercing the victim to submit by threatening to use force or violence likely to cause her serious personal injury, and by placing his penis in or on the victim's vagina, in violation of section 794.011(4), Florida Statutes (1997) (Count One); and that Wright, being a person 24 years of age or older, engaged in sexual activity with the same victim, S.J., a person 16 or 17 years of age,[1] by placing his penis in or upon the victim's vagina, in violation of section 794.05(1), Florida Statutes (1997) (Count Two). A jury found Wright not guilty in the first count and guilty, as charged, in the second count. Wright was sentenced to 69 months in prison, to be followed by 2 years on probation. Wright asserts as error the trial court's rulings 1) denying the motion to dismiss Count Two on constitutional grounds, 2) denying the motion to sever the two counts, and 3) including "victim injury" points on the sentencing guidelines scoresheet for "sex penetration" despite the absence in the record of any indication that the jury based its verdict in Count Two on a finding of penetration. Finding no merit to the first two claims, we affirm Wright's conviction. However, we vacate the sentence and remand for resentencing based on a corrected scoresheet. May v. State, 721 So.2d 741 (Fla. 5th DCA 1998), rev. den., 729 So.2d 394 (Fla.1999).

Constitutional Challenge
The defense moved to dismiss Count Two on the grounds that section 794.05, Florida Statutes (1997), which makes it a second-degree felony for a person 24 years of age or older to engage in "sexual activity" with a person 16 or 17 years old, is unconstitutional in violation of equal protection and the right to privacy.[2] At the outset, we note that statutes are presumed to be constitutional, and all reasonable doubts regarding the validity of a statute are to be resolved in favor of constitutionality. State v. Kinner, 398 So.2d 1360 (Fla.1981); Gammon v. Cobb, 335 So.2d 261 (Fla.1976). Accordingly, a defendant who challenges the constitutional validity of a statute bears a heavy burden of establishing its invalidity. Milliken v. State, 131 So.2d 889 (Fla.1961).
*1232 Our sister court recently addressed similar constitutional challenges to the same version of section 794.05 in State v. Walborn, 729 So.2d 504 (Fla. 2d DCA 1999). After she was charged with unlawful sexual activity with a minor, Ms. Walborn moved to dismiss the information and to declare the statute unconstitutional in violation of her right to privacy and of her federal and state rights to equal protection. Although it found no violation of Walborn's right to privacy, the trial court found that the statute did violate her right to equal protection, and the information was dismissed. The basis of the trial court's ruling was that if no meaningful differences exist between a 23-year-old and a 24-year-old who engage in sexual activity with a person 16 or 17 years of age, then the statute's age classification is unreasonable and arbitrary. The State appealed the dismissal of the information, and Walborn cross-appealed on the ground that the trial court also should have found the statute to be unconstitutional as a violation of her right to privacy. Id. at 504-05.
Age limitations and restrictions may survive a constitutional challenge and be enforced if they pass the "rational basis" test, i.e., the age classifications are reasonably related to a permissible governmental objective. Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 313-14, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); White Egret Condominium v. Franklin, 379 So.2d 346 (Fla.1979); Rollins v. State, 354 So.2d 61 (Fla.1978); D.P. v. State, 705 So.2d 593, 597 (Fla. 3d DCA 1997). The Second District Court found the following justification for the age restriction:
In regards to section 794.05, the legislature decided to limit criminal responsibility to persons twenty-four years of age and over because the legislature felt that persons in this group were more likely than others to understand the consequences of their actions and to cause harm to minors who cannot appreciate the seriousness of their activities. Therefore, the age limitation in section 794.05 is not arbitrary when balanced against the goals of protecting minors from sexual exploitation. Accordingly, we will not substitute our judgment for that of the legislature. We, therefore, find that the statute is reasonably related to the goal of protecting minors from sexual exploitation by adults and its age restriction is constitutional.
Walborn, 729 So.2d at 506. Any statute that intrudes upon a protected zone of privacy must demonstrate a compelling State interest and must overcome the "stringent test" announced in Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985), to meet constitutional standards. B.B. v. State, 659 So.2d 256 (Fla.1995). Applying this test to the statute, the district court in Walborn affirmed the point on cross-appeal in reliance upon State v. Cunningham, 712 So.2d 1221, 1225 (Fla. 2d DCA), rev. den., 728 So.2d 201 (Fla.1998), in which the district court had specifically found that as the statute "furthers a compelling State interest in protecting minors from harmful sexual conduct and possible sexual exploitation by adults and has employed the least intrusive means in order to accomplish that goal," the statute does not violate a person's right to privacy and is constitutional. Walborn, 729 So.2d at 506; State v. Pawloski, 718 So.2d 1264 (Fla. 2d DCA 1998) (citing Cunningham and reversing trial court's ruling that § 794.05 is unconstitutional violation of right to privacy). The court in Walborn reversed the trial court's order dismissing Walborn's information and remanded for further proceedings. Id.
Adopting the reasoning ably set forth by the Second District Court in Cunningham and Walborn, we conclude that section 794.05, Florida Statutes (1997), is not unconstitutional in violation of either of the two asserted grounds, and that the trial *1233 court did not err in denying Wright's motion to dismiss.

Denial of Motion to Sever Counts
In his second issue on appeal, Wright contends that the trial court erred by denying his pretrial motion to sever the two counts. A defendant challenging a trial court's order denying a motion for severance bears the burden of proving that the ruling was outside the sound discretion of the trial judge. Fotopoulos v. State, 608 So.2d 784, 790 (Fla.1992); Crossley v. State, 596 So.2d 447 (Fla.1992). Wright can meet this burden only if he can demonstrate "prejudicial error," e.g., that he was denied a fair determination of his guilt or innocence or was otherwise "injured" by having one trial on joint charges. § 924.051(7), Fla. Stat. (1997); Fla. R.Crim. P. 3.152(a)(2)(A); Daniels v. State, 634 So.2d 187, 191-92 (Fla. 3d DCA 1994); Biscardi v. State, 511 So.2d 575 (Fla. 4th DCA 1987).
The two charged, related offenses arose from and were based on the same act or transaction, which occurred in one location within a short period of time. Fla. R.Crim. P. 3.151(a); Fotopoulos, 608 So.2d at 789. Cf. Paul v. State, 385 So.2d 1371 (Fla.1980) (it was improper to allow pretrial consolidation of three alleged sexual offenses that were unrelated in terms of time or sequence to charged sexual battery and attempted sexual battery). Wright took the stand in his own behalf. Wright's defense to the sexual battery charge in Count One was that S.J. had accepted his $50.00 knowing that it was offered in exchange for her agreeing to have sex with him. Wright testified that S.J. had participated voluntarily and consented without any resistance as he attempted to have sex with her. However, Wright claimed that his repeated efforts to place his penis inside S.J.'s vagina had been unsuccessful. Eventually, he gave up and took back his cash due to the failure to achieve sexual intercourse.
Wright, who is 24 years or older, argues that in presenting a consent defense to the sexual battery charge, he was improperly forced to admit guilt, pursuant to section 794.05, Florida Statutes (1997), for engaging in unlawful sexual activity with a person age 16 or 17 as to Count Two. In response, the State relies upon Allen v. State, 566 So.2d 892 (Fla. 4th DCA 1990), in which the district court said "[i]t is not an abuse of discretion to deny severance even when defendants rely on inconsistent or antagonistic defenses, or when one defendant blames the other for the offense." Id. at 893. Furthermore, the State correctly notes that it is not unusual for a defendant to assert multiple hypotheses of innocence of a charge even when those hypotheses are inconsistent with each other. Even if the counts had been severed and the State elected to prosecute the sexual battery first, Wright's admission as to Count One that he had engaged in sexual activity with S.J. would have been relevant and admissible at a subsequent trial on the charge in Count Two. § 90.803(18)(a), Fla. Stat. (1997); Moore v. State, 701 So.2d 545, 549 (Fla.1997); Fotopoulous, 608 So.2d at 784 (offenses were clearly connected in episodic sense, so that severance of one murder charge from another murder charge and charges of attempted first-degree murder, solicitation to commit first-degree murder, conspiracy, and burglary was not required; severance was unnecessary to promote fair determination of defendant's guilt or innocence where, even if separate trials had been held, evidence of each offense would have been admissible at trial of other to show common scheme and motive, as well as entire context out of which criminal action occurred). Assuming arguendo that the trial court erred in denying the motion to sever the counts, we conclude that Wright has not demonstrated prejudice.

Calculation of Scoresheet
At the sentencing hearing, the State offered a guidelines scoresheet reflecting 119.6 points, including 80 "victim injury" points for "sex penetration," giving a sentencing range of 68.7 to 114.5 months' *1234 imprisonment. Questioning the scoresheet, defense counsel argued to the trial court that the evidence supported only "sex contact," and not "sex penetration." Wright testified that his penis never went inside the victim's vagina. Counsel noted, first, that the victim had testified that penetration did not occur, and that, second, the jury had acquitted Wright of sexual battery. The nurse practitioner who examined the victim testified that the minor hemorrhagic abrasions observed on the victim's hymen were consistent with penetration, which would have been accompanied by some pain. The examiner indicated, however, that the victim did not say that she had experienced pain during the assault.
Eliminating 40 points from "victim injury," as requested by counsel, would have significantly reduced the sentencing range to 38.7 to 64.5 months. Expressly relying solely on physical evidence that semen, identified by an expert as Wright's, was found on the concrete walkway at the scene of the sexual encounter, the trial court rejected defense counsel's argument and found a basis for scoring the additional points for "sex penetration." Wright was sentenced to 69 months in prison, to be followed by 2 years of probation. We conclude that the scoresheet calculation question was preserved for appeal by a timely and specific objection. Cf. Seccia v. State, 720 So.2d 580 (Fla. 1st DCA 1998).
Wright properly relies on May, 721 So.2d at 741, to support reversal of his sentence. Although the crime of which May was convicted is different, the facts and reasoning in May bear close consideration. May was found guilty of committing a lewd or lascivious act upon a child under age 16, a violation of section 800.04, Florida Statutes (1997). His guidelines scoresheet included 80 points for sexual penetration. The verdict failed to specify whether penetration occurred, and the offense in question did not necessarily involve penetration. The evidence presented at May's trial described both a lewd fondling (not involving penetration) and the commission of oral sex (which may constitute penetration). As either of these acts would support May's conviction for a lewd and lascivious act on a child under 16, it could not be determined on which act or acts the jury had based its verdict. Under these circumstances, the Fifth District Court held that only 40 points for "sexual contact" should have been assessed. Because the reviewing court could not ascertain from the record whether the trial court would have given May the same sentence absent the additional points, the sentence was vacated and the case remanded for resentencing. Id.
As used in the statute under which Wright was charged in Count Two, "`sexual activity' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another." § 794.05(1), Fla. Stat. (1997). In this particular context, "union" is more akin to mere contact and denotes a different act from "penetration," so that the terms "union" and "penetration" are not synonymous. See State v. Pate, 656 So.2d 1323, 1325 (Fla. 5th DCA 1995) (given definition of "sexual battery," which includes "union with" sexual organ of another or "penetration," State is not required to prove penetration); Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998); Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984). The amended information alleged that Wright had placed his penis "in or upon" the victim's vagina. Like the offense in May, unlawful sexual activity with a minor does not necessarily involve penetration. As it was not necessary for the jury to find penetration to find Wright guilty of the charged offense, the instant verdict (like the verdict in May) did not specify whether sexual penetration took place. Following the reasoning in May, we conclude that the trial court erred in relying solely on the evidence of Wright's semen, found on the walkway, to justify the additional points for "sex penetration."[3]
*1235 Accordingly, Wright's conviction is AFFIRMED, his sentence is VACATED, and the case is REMANDED for RESENTENCING using a corrected scoresheet.
JOANOS and PADOVANO, JJ., CONCUR.
NOTES
[1] S.J. was 16 years old at the time of the incident.
[2] The motion cited the equal protection clauses of the federal Fourteenth Amendment and of Article I, section 2, of the Florida Constitution; the federal Eighth Amendment (proscribing "cruel and unusual punishments") and Article I, section 17, of the Florida Constitution (forbidding "cruel or unusual punishment"); and Article I, section 23, of the Florida Constitution ("right of privacy").
[3] The instant record is factually distinguishable from the record in Dickinson v. State, 693 So.2d 55 (Fla. 5th DCA 1997), in which the trial court properly scored points for "penetration" where the defendant undisputedly penetrated the victim and was penetrated by the victim in a series of sexual encounters; and from United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), and its progeny, in which the provisions of the federal sentencing guidelines were found not to alter the trial court's discretion, at sentencing, to consider conduct of which the defendant had been acquitted, so long as that conduct was proved by a preponderance of the evidence.