753 So.2d 676 (2000)
Sammie O'Neal GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-574.
District Court of Appeal of Florida, First District.
March 13, 2000.
*677 Nancy A. Daniels, Public Defender; Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On this direct appeal of an order placing the appellant on probation with six months in jail as a special condition, we first address the state's contention that we lack jurisdiction to consider the propriety of an antecedent order denying a motion to dismiss. We conclude we do have jurisdiction, that the motion to dismiss was properly denied, and that the probation order should be affirmed.
Sammie O'Neal Griffin moved to dismiss the information charging him with a violation of section 794.05(1), Florida Statutes (1997). Twenty-four years old at the time, he was alleged to have had a sexual encounter with a sixteen-year-old girl. He argued for dismissal on grounds the statute unconstitutionally interferes with privacy rights, violates equal protection guarantees, and offends due process.
After the trial court denied the motion to dismiss, he entered into a plea agreement which reflected his intention to appeal the trial court's denial of the motion to dismiss. The trial court noted that Mr. Griffin was reserving the right to appeal the trial court's ruling on the motion to dismiss, but it did not explicitly rule that the motion was dispositive. The state did not stipulate that the denial of the motion to dismiss was dispositive of the case. The state now contends that consideration of the issue is foreclosed. We reject the state's contention.
Pleading to a criminal charge while reserving the right to seek appellate review of a crucial ruling avoids an unnecessary trial. State v. Ashby, 245 So.2d 225 (Fla.1971). If the ruling is affirmed, the convictionor, as here, the probation order is also affirmed. But an "Ashby nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case." Brown v. State, 376 So.2d 382, 384 (Fla.1979). A ruling is "dispositive" in this context if, at the time of the plea, it is clear that the state cannot or will not proceed with prosecution of the case on remand in the event the ruling is reversed.
When the parties stipulate in the trial court that an issue is determinative in this sense, the state is foreclosed from arguing otherwise on appeal. Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998). In the present case, however, no stipulation was necessary because reversal *678 of the favorable ruling the state received below would make it legally impossible for the state to proceed with the prosecution. This is not a case where reversal of a favorable ruling would make it merely tactically infeasible for the state to go forward.
On the merits, we find unpersuasive appellant's arguments that his behavior enjoyed constitutional protection or that applying the statute in this situation violates his constitutional rights. We therefore affirm the probation order on the authority of Wright v. State, 739 So.2d 1230, 1232-33 (Fla. 1st DCA 1999). See also State v. Walborn, 729 So.2d 504, 505-06 (Fla. 2d DCA 1999), review denied, 740 So.2d 529 (Fla.1999); Carlson v. State, 723 So.2d 338, 338 (Fla. 1st DCA 1998); State v. Cunningham, 712 So.2d 1221, 1221-25 (Fla. 2d DCA 1998). Cf. J.A.S. v. State, 705 So.2d 1381 (Fla.1998); Jones v. State, 640 So.2d 1084 (Fla.1994).
Affirmed.
ERVIN and BOOTH, JJ., CONCUR.