937 So.2d 818 (2006)
Jovan FELICIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3740.
District Court of Appeal of Florida, First District.
September 20, 2006.
Nancy A. Daniels, Public Defender, Kathleen Stover, Assistant Public Defender, Jamie Spivey, Assistant Public Defender, *819 and Leonard Holton, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On appeal from his conviction for violating section 794.05, Florida Statutes (2003), Jovan Feliciano argues that the "statutory rape law" is facially unconstitutional, in that it violates due process for failure to require proof that the defendant knew the minor's age. We affirm.
Mr. Feliciano was twenty-six years old by the time the brief liaison concluded. When they began having sexual intercourse, she was only two months beyond her seventeenth birthday. Given the disparity in their ages, his conduct violated section 794.05(1), Florida Statutes (2003), which provides:
A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree[.]
The statute does not require the State to prove the defendant's knowledge of the minor's age. To the contrary, section 794.021, Florida Statutes (2003), provides that ignorance or belief as to a victim's age is no defense.
When, in this chapter, the criminality of conduct depends upon the victim's being below a certain specified age, ignorance of the age is no defense. Neither shall misrepresentation of age by such person nor a bona fide belief that such person is over the specified age be a defense.
In keeping with the statute, the jury instructions did not require any finding that Mr. Feliciano knew her age. No objection to these instructions was lodged. But the defense had filed  and the trial court had denied  a motion to dismiss, urging the unconstitutionality of the statute for failure to require scienter.
Cases appellant cites concerned with whether, in construing a criminal statute that is silent on the subject, a mens rea requirement should be inferred, are inapposite. See Staples v. United States, 511 U.S. 600, 618, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) ("[A]bsent a clear statement from Congress that mens rea is not required, we should not apply the public welfare offense rationale to interpret any statute defining a felony offense as dispensing with mens rea."); State v. Giorgetti, 868 So.2d 512, 519 (Fla.2004) ("[W]here harsh penalties apply or there is the potential to punish otherwise law-abiding, well-intentioned citizens for reasonable behavior, the [c]ourt is reluctant to impute to [the Legislature] the purpose of doing away with the mens rea requirement[.]").
Even in jurisdictions where statutes are written so that courts must decide whether legislatures intended to make knowledge of the minor's age an element of the offense, decisions on the point have gone overwhelmingly against defendants. See generally Colin Campbell, Annotation, Mistake or lack of information as to victim's age as defense to statutory rape, 46 A.L.R.5th 499 (1997) (noting that "[p]rior to 1964, it was the universally accepted rule in the United States that a defendant's mistaken belief as to the age of a victim was not a defense to a charge of statutory rape"). But see State v. Guest, 583 P.2d 836, 839-40 (Alaska 1978) (finding it "significant that the Alaska Statutes do not proscribe fornication"); People v. Hernandez, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673, 675 (1964) (invoking the "primordial concept of mens rea"); Perez v. State, 111 N.M. 160, 803 P.2d 249, 251 (1990) ("When the law requires a mathematical formula for its application, we cannot *820 say that being provided the wrong numbers is immaterial.").
As the court recognized in Hodge v. State, 866 So.2d 1270, 1272 (Fla. 4th DCA 2004), our statute settles the question:
[T]he legislature left no doubt as to its intention that this offense be treated as a strict liability crime for which the State was not required to prove criminal scienter . . . . Section 794.021, Florida Statutes (2000), unequivocally provides that ignorance or mistake of the victim's age is not a defense to the crime[.]
Appellant does not, indeed, argue that the statute is equivocal or doubtful in disallowing ignorance of age as a defense.
Because the Legislature has spoken to this issue with such clarity, statutory construction is not necessary. See Perkins v. State, 682 So.2d 1083, 1084-85 (Fla.1996) ("[T]he legislature's use of clear and unambiguous language which imparts a definite meaning renders unnecessary a resort to rules of statutory construction[.]"). Florida's courts have never required proof of the defendant's knowledge of the minor's age in a statutory rape case, or recognized the defendant's lack of knowledge as an affirmative defense.
A question concerning the requisite knowledge arose century before last. See Holton v. State, 28 Fla. 303, 9 So. 716, 717 (1891) (holding that a defendant "will not be allowed to excuse himself by asserting ignorance as to her age" in affirming conviction for carnal intercourse with an unmarried female under the age of seventeen). Florida has recognized statutory rape as a strict liability crime since. See State v. Hubbard, 751 So.2d 552, 556 (Fla. 1999) ("`Statutes which impose strict criminal liability, although not favored, are nonetheless constitutional[.]'") (quoting Baker v. State, 377 So.2d 17, 18 (Fla. 1979)). "In the instance of statutory rape it is no defense that the defendant actually believed the female to be in excess of the prohibited age. Regina v. Prince, 13 Cox Crim.Cas. 138 (1875), early on settled the validity of statutory rape legislation." Id.; Simmons v. State, 151 Fla. 778, 10 So.2d 436, 438 (1942) (conceding that all common-law crimes require criminal intent, but approving legislative removal of the requirement, where required by public policy); State v. Walborn, 729 So.2d 504, 506 (Fla. 2d DCA 1999) (finding section 794.05 "reasonably related to the goal of protecting minors from sexual exploitation by adults and its age restriction . . . constitutional").
The present case differs importantly from B.B. v. State, 659 So.2d 256, 257, 260 (Fla.1995) (declaring an earlier version[*] of section 794.05(1) unconstitutional under Article I, Section 23 of the Florida Constitution, as applied to a sixteen-year-old whose "victim was also sixteen years of age"). See Victor v. State, 566 So.2d 354, 356 (Fla. 4th DCA 1990) (describing the purpose of section 794.05(1), Florida Statutes, as "protecting minors from sex acts imposed by adults").
Unemancipated minors are under a statutory disability that precludes consent to sexual activity with adults. See *821 B.B., 659 So.2d at 258 ("If our decision were based upon whether minors could consent to sexual activity as though they were adults, our decision would be `no' for the reasons stated in Justice Kogan's concurring opinion in Jones v. State, 640 So.2d 1084, 1087 (Fla.1994)."); Schmitt v. State, 590 So.2d 404, 411 n. 10 (Fla.1991) ("Obviously, [unmarried] minor children are legally incapable of consenting to a sexual act in most circumstances."). "[I]t is evident beyond all doubt that any type of [adult] sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents[.]" Schmitt, 590 So.2d at 410-11; see State v. Raleigh, 686 So.2d 621, 623 (Fla. 5th DCA 1996) (discussing "just some of the obvious reasons why the legislature has determined this defense cannot apply in such cases").
Affirmed.
PADOVANO and LEWIS, JJ., concur.
NOTES
[*] The version of section 794.05 at issue in B.B. provided:

(1) Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be guilty of a felony of the second degree. . . .
§ 794.05(1), Fla. Stat. (1991). Section 794.05 was amended in 1996 so that only persons over the age of twenty-four, instead of "any person," could be guilty of violating the statute. See Ch. 96-409, § 1, at 2937, Laws of Fla.