2021 UT App 32

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
AARON DAVID ROSEN,
Appellant.

Opinion
No. 20190684-CA
Filed March 18, 2021

Fourth District Court, Provo Department
The Honorable M. James Brady
No. 171402518

Emily Adams, Freyja Johnson, and Cherise Bacalski,
Attorneys for Appellant

Sean D. Reyes and John J. Nielsen,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JILL M. POHLMAN
concurred.

ORME, Judge:

¶1   Aaron David Rosen appeals his conviction for unlawful sexual conduct with a 16-year-old (Victim). He argues that his trial counsel was ineffective for not challenging the constitutionality of the statutory scheme under which he was convicted. We reject his argument and affirm.

BACKGROUND[1]

¶2      In 2017, Victim, then 16 years old, created a profile on a social networking site designed for adult same-sex encounters. He claimed to be 18 years old or older. Victim and Rosen, a former police officer in his 40s who had previously worked as a school resource officer, connected on the site and arranged to meet at Victim's second-floor apartment for a sexual encounter. Once Rosen arrived at the apartment, Victim met him at the door. Victim was wearing his high school sweatshirt. The two immediately began kissing, which eventually progressed to mutual sexual touching and oral sex.

¶3      Victim's father arrived unexpectedly, causing Victim and Rosen to quickly get dressed, with Victim urging Rosen to leave by jumping from the balcony, which he did. Victim's father, however, heard a noise come from the balcony and saw Rosen, wearing a tank top and holding his shoes, as he was running away. Rosen sped off in his car, with Victim's father in pursuit. Victim's father was able to get Rosen's license plate number, which police later used to identify and arrest Rosen.

¶4      When confronted by police, Rosen claimed that he thought Victim was 23 years old and that he ran away from the apartment because he thought Victim's husband or boyfriend had come home. Rosen also claimed that they "didn't do anything," but when asked whether he remembered touching Victim's genitals, Rosen admitted to "just petting" over clothing.

¶5      The State charged Rosen with one count of unlawful sexual conduct with a 16- or 17-year-old, a third-degree felony,

---

1. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict and present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Daniels*, 2002 UT 2, ¶ 2, 40 P.3d 611.

and one count of unlawful sexual conduct with a minor, a class A misdemeanor. Under the applicable statutory scheme, a defendant who is "seven or more years older but less than 10 years older than the minor at the time of the sexual conduct" can present the defense that he did not know, nor should he reasonably have known, the actual age of the minor. *See* Utah Code Ann. § 76-5-401.2(2)(a)(i) (LexisNexis Supp. 2020).[2] But if the defendant is "10 or more years older than the minor at the time of the sexual conduct," *id.* § 76-5-401.2(2)(a)(ii), the defendant cannot present the defense that he "mistakenly believed the victim to be 18 years of age or older at the time of the alleged offense or was unaware of the victim's true age," *id.* § 76-2-304.5(4) (2017).

¶6      Being significantly more than ten years older than Victim, Rosen had no basis on which to argue a reasonable-mistake-of-age defense under the terms of the statute. A jury convicted Rosen as charged. The district court merged the misdemeanor and felony convictions. Rosen appeals.

ISSUE AND STANDARD OF REVIEW

¶7      Rosen raises one issue on appeal. He claims that his trial counsel was constitutionally ineffective for failing to challenge the applicable statutory scheme under the uniform operation of laws provision of the Utah Constitution. *See* Utah Const. art. I, § 24.[3] "When a claim of ineffective assistance of counsel is raised

---

2. Because the relevant provisions of the Utah Code in effect when Rosen committed his offense do not materially differ from those currently in effect, we cite the current version of the code for convenience.

3. While known as the uniform operation of laws provision, Article I, Section 24 of the Utah Constitution has long been

(continued…)

for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (quotation simplified).

## ANALYSIS

¶8      To succeed on a claim of ineffective assistance of counsel, an appellant must show, first, "that counsel's performance was deficient" and, second, "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Because failure to establish either prong of the test is fatal to an ineffective assistance of counsel claim, we are free to address [these] claims under either prong." *Honie v. State*, 2014 UT 19, ¶ 31, 342 P.3d 182. We limit our consideration of this case to the first prong.

¶9      In determining whether counsel's performance was deficient, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and we "give trial counsel wide latitude in making tactical decisions and will not question such decisions unless there is no reasonable basis supporting them," *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (quotation simplified). "Moreover, deficient performance is not determined

---

(…continued)
considered Utah's version of the federal equal protection clause as the two "embody the same general principle." *Gallivan v. Walker*, 2002 UT 89, ¶ 31, 54 P.3d 1069 (quotation simplified). *See also Blue Cross & Blue Shield of Utah v. State of Utah*, 779 P.2d 634, 637 (Utah 1989) ("The principles and concepts embodied in the federal equal protection clause and the state uniform operation of the laws provision are substantially similar.").

in a vacuum; rather, it involves asking whether the strategy counsel employed was that of a reasonable, competent lawyer in the real-time context" of the proceeding. *State v. Wilkes*, 2020 UT App 175, ¶ 24, 479 P.3d 1142 (quotation simplified). "However, even where a court cannot conceive of a sound strategic reason for counsel's challenged conduct, it does not automatically follow that counsel was deficient," because "the ultimate question is always whether, considering all the circumstances, counsel's acts or omissions were objectively unreasonable." *State v. Scott*, 2020 UT 13, ¶ 36, 462 P.3d 350. *Accord State v. Ray*, 2020 UT 12, ¶¶ 34–36, 469 P.3d 871.

¶10 To determine whether a statute violates the uniform operation of laws provision, courts "apply a three-step analysis: (1) whether the statute creates any classifications; (2) whether the classifications impose any disparate treatment on persons similarly situated; and (3) if there is disparate treatment, whether the legislature had any reasonable objective that warrants the disparity." *State v. Robinson*, 2011 UT 30, ¶ 17, 254 P.3d 183 (quotation simplified). Under the third step, if the challenged statute creates classifications based on age, courts apply a rational basis review to the Legislature's decision. *See Merrill v. Utah Labor Comm'n*, 2009 UT 26, ¶ 8, 223 P.3d 1089. "Rational basis scrutiny [is] a low bar under which classifications employed by the legislature are presumptively permissible." *Taylorsville City v. Mitchell*, 2020 UT 26, ¶ 43, 466 P.3d 148 (quotation simplified). And we "will uphold a statute under the rational basis standard if it has a reasonable relation to a proper legislative purpose, and is neither arbitrary nor discriminatory." *State v. Angilau*, 2011 UT 3, ¶ 10, 245 P.3d 745 (quotation simplified). *Accord Mitchell*, 2020 UT 26, ¶ 43.

¶11 Here, because Rosen did not raise a uniform operation of laws argument below, we do not directly address the constitutionality of the statutory scheme. Rather, we must consider the question through the restrictive lens employed in

reviewing claims of ineffective assistance of counsel. Thus, we must determine whether counsel performed deficiently in not challenging the scheme as being violative of the uniform operation of laws doctrine. *See Strickland*, 466 U.S. at 687.

¶12   We can readily determine that Rosen's counsel did not render deficient performance. A uniform operation of laws challenge is a relatively sophisticated undertaking. But even assuming that objectively reasonable counsel would have perceived the availability of such a challenge and investigated it with care, reasonable counsel could still have determined that any such attack on the statutory scheme might well have failed under the third and final step of the operation of laws analysis. Reasonable counsel would know that the district court was required to apply the lenient rational basis review standard to the statutory scheme and that the court would likely conclude that the Legislature had a rational basis for treating some younger defendants differently from defendants who were "10 or more years older than the minor at the time of the sexual conduct." *See* Utah Code Ann. § 76-5-401.2(2)(a)(i)–(ii) (LexisNexis Supp. 2020). Reasonable counsel could have determined that the Legislature had a rational basis for the scheme because older adults are more likely to have greater authority in a minor's eyes, making the minor more likely to acquiesce to the designs of older adults. *See generally People v. Cavallaro*, 100 Cal. Rptr. 3d 139, 148 (Ct. App. 2009) ("The Legislature could have properly concluded that it was necessary to specifically prohibit sexual conduct between a 14- or 15-year-old and an adult at least 10 years older and to include mandatory sex offender registration based upon a conviction for the offense, because of the potential for predatory behavior resulting from the significant age difference between the adult and the minor."). Moreover, older adults may be better able to manipulate and control minors than are adults closer in age to the minors. And reasonable counsel might well have perceived that the Legislature could have concluded that these older adults

would be more intuitively aware of the apparent age discrepancy and reasonably be expected to comport themselves with more maturity and caution.

¶13   In addition, reasonable counsel would have learned, in the course of basic research, that similar statutory schemes have been routinely upheld. *See, e.g.*, *Doe v. Oberweis Dairy*, 456 F.3d 704, 713 (7th Cir. 2006) ("In Illinois as elsewhere the crime is considered more serious the greater the disparity in ages between the parties. The theory is that a young girl (or boy) is likely to have particular difficulty resisting the blandishments of a much older man."); *State v. Anthony*, 528 S.E.2d 321, 324 (N.C. 2000) (holding that the legislature made "a legitimate legislative decision" in determining "that sexual intercourse or sexual acts with children deserve more severe punishment . . . based on a greater difference in age between the victim and the older defendant"); *State v. Walborn*, 729 So. 2d 504, 506 (Fla. Dist. Ct. App. 1999) (holding that the legislature's decision "to limit criminal responsibility to persons twenty-four years of age and over" was reasonable "because the legislature felt that persons in this group were more likely than others to understand the consequences of their actions and to cause harm to minors who cannot appreciate the seriousness of their activities," and that "therefore, the age limitation . . . is not arbitrary when balanced against the goals of protecting minors from sexual exploitation"). While a line drawn at 10 years (as opposed to 9 or 11 or 10 ¾ years) is necessarily somewhat arbitrary because it leaves "people close to the boundary on either side . . . similarly situated," reasonable counsel could have logically concluded that this does not make the statutory scheme impermissible. *See Angilau*, 2011 UT 3, ¶ 28. And this conclusion would be reinforced upon recognizing that the Utah Supreme Court and "the United States Supreme Court have held that age is a permissible method of classifying individuals where a rational basis exists." *See id.* (quotation simplified).

¶14    Thus, reasonable counsel could have determined that the statute would withstand rational basis review and that it was sensible to forgo an argument that was likely to fail. *See State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 ("Failure to raise futile objections does not constitute ineffective assistance of counsel."). Accordingly, Rosen has not overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," *see Strickland,* 466 U.S. at 689, nor has he "show[n] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *see id.* at 687.

## CONCLUSION

¶15    Reasonable counsel could have concluded that the Legislature had a rational basis for the scheme it enacted and that any challenge before the district court premised on the uniform operation of laws provision would likely have been fruitless. It therefore cannot be said that Rosen's trial counsel was constitutionally ineffective in forgoing such a challenge.

¶16    Affirmed.

_____